O'Ferrall v. Davis.

## O'FERRALL v. DAVIS.

Where a widow, claiming dower in certain real estate, which had been sold by a trustee, and the proceeds of which were in his hands, made an agreement with the trustee, that if she succeeded in obtaining dower, she would take her dower in money, out of the funds in the hands of the trustee, either absolutely or for life, according to the opinion of the court, as to what her dower would be in said real estate; and where the said widow was held endowable for life only, and the court decreed that she recover, under said agreement, one-third of the purchase money for which said real estate sold, and ten per cent. interest per annum thereon from the 15th of April, 1853,

but that said sum of money should not be paid her, until she filed with the clerk a bond, with sufficient sureties, conditioned for the repayment of said sum, without interest, to the said trustee, or his legal representatives, immediately on the death of said widow; *Held*, That the widow, under said agreement, was entitled to receive the money, to control and use as her own, for and during her natural life; and that as there was no stipulation in the agreement for interest at ten per cent., so much of the decree as authorized her to recover that rate of interest, was erroneous.

*Appeal from the Dubuque District Court.*

THE plaintiff sued for dower in certain lots in Dubuque, and judgment of admeasurement was] rendered. The question arose, whether she was entitled to dower for life only, as at common law, under which the conveyance by her husband was made, or in fee under the Code, under which, in point of time, he died. The Supreme Court decided, that she was endowed of a life estate. [See the case between these parties, December term, 1854.] Pending the case in that court, and with intent that the plaintiff should not claim possession of the lots against the actual possessors, who were *bona fide* purchasers, the parties made the following agreement: "It is agreed and understood between the parties, that the said Jane B. O'Farrell makes claims to dower in lots 660, 478, 160; north 35 1-2 feet of lot 159; the north 35 1-2 feet of lot 659, and the north half of lot 42, in the city of Dubuque, Iowa, heretofore sold by Timothy Davis, as trustee: That she will make such claim against Timothy Davis as the holder of the funds, and in case of success, she is to have her dower, out of the said funds in his hands, either absolutely or for life, according to the opinion of the court as to what her dower would be in the said lots. And to this understanding, both parties mutually agree. Dubuque, Dec. 6th, 1852."

The sum of $2,438.80 was found to be the one-third of the proceeds of the sale of the lots. At the May term, 1855, the District Court in Dubuque county, rendered judgment that the plaintiff recover from said defendant the above sum, and interest at ten per cent. per annum thereon, from

the 15th of April, 1853 ; and ordering that this sum should not be paid her, until she filed with the clerk a bond, with sufficient sureties, conditioned for the repayment of said sum of money, without interest, to the defendant or his legal representative, immediately upon the death of the said Jane B. O'Ferrall.     The cause again came before the District Court, at the August term, 1855, when, as appears from the bill of exceptions, the only question submitted to the court, was, as to the construction and legal effect of the above agreement ; the plaintiff contending that she was entitled to receive the above sum of money, to control and use as her own, for and during her natural life; and the defendant holding that she was only entitled to receive interest on said sum during her life.    The District Court held, that the plaintiff was entitled to the use of the money for life, under the agreement.    From this judgment the defendant appeals, and assigns for error, the rendition of the decree for the payment of the money, and the ten per cent. interest.

*Clark & Bissell*, for the appellant.

*Smith, McKinlay & Poor*, for the appellee.

WOODWARD, J. (ISBELL, J., dissenting).—The principal question presented to this court for adjudication, is as to the construction of the agreement between the parties.    But little argument, and no authority, is adduced on either side.    On the part of the defendant, it is said that the law knows no better use of money than a safe investment at interest ; that dower is but a *usufruct*, and that if complainant gets her interest, she gets the use of her money ; or, in other words, the use of the land ; and that a court of equity always directs a trustee having funds, to invest them at interest.    A judge is not to shut his eyes, and ears, and mind, and be ignorant of those things which every one else knows.    He may recognize the history and condition of the country and state, in which he lives and acts.    And if so, he knows that the cash value of a dower estate, according to the tables, is

O'Ferrall v. Davis.

not, generally, worth as much as the use of the land. And still more may he know that a rentage of six, or even ten per cent., is not, in this state, equivalent to the free use of the money, and that, too, without the violation of any law. It is not correct to apply to a new country, where real estate is constantly rising in value, and money is in great request, the reasoning which may be well enough in a country where real estate has a fixed value, and money seldom commands six per cent. for its use.

"As the plaintiff would be entitled to make the most of the use of the land, if she took her dower in that; so she is entitled to make the most from the use of the money. This is the meaning of the contract, which stipulates that she is to have her dower out of the said funds, either absolutely or for life, according to the opinion of the court as to what her dower would be in the said lots." The agreement is, in effect, to take her dower in the money, instead of the lots, so as to relieve the purchaser of the latter. It is the opinion of the court, that the plaintiff is entitled to have the control and use of the money, giving security for its repayment, as required by the judgment of the District Court.

An error is assigned in the rendition of the judgment for ten per cent. interest, from April, 1833, until paid. There is not before us the papers, the record of a suit. There is only a case made in the court below, on the construction of the contract between the parties, with the judgment rendered. If there was a full case here, showing the relation of the parties entirely, and under what circumstances Davis is a trustee, and how, and for whom, it might appear both equitable and legal, that Davis should be held to account for the profits of this portion of the funds in his hands, but no such case is made—none such is presented to us for adjudication. Neither is there anything showing how the court was authorized to render judgment for interest at ten per cent., whilst, on the other hand, this is assigned for error. The case stands before us simply, as a judgment for ten per cent. interest on money due, without stipulation for that amount. We cannot, therefore, avoid considering it erre-

neous in this respect. The judgment of the District Court is reversed, so far as the same is rendered for interest at ten per cent., and it is the opinion of this court, that the said judgment should be rendered for the above said sum, with interest at six per cent. per annum, from the fifteenth day of April, 1853, until paid.

Isbell, J. (dissenting).—I cannot concur in the above opinion, as far as interest on the funds in the hands of Davis heretofore, is concerned.. The agreement is meager, but it does appear that the property was sold by him "as trustee," and that he is "the holder of the funds." I infer, at least, that he has held them in *trust*, and that, too, for the rightful possessor. He should be called .to account for interest actually received on plaintiff's proportion of the fund. And in the absence of any showing of the unfaithful execution of the trust, he should be decreed to pay such interest only, whether more or less.