SARAH K. LAMBERT ET AL. V. JOHN A. STEVENS.

[FILED APRIL 1, 1890.]

1. **Liquors**: APPLICATION FOR LICENSE: NOTICE: NEWSPAPERS: CIRCULATION.   Where the notice of the filing of an application for a liquor license is given by publication in a newspaper, it must be in a paper published in, and having the largest circulation in the county where the liquors are to be sold.   In the absence of a charge of bad faith on the part of the applicant in the selection of the paper, his decision in that regard will not be inquired into.

2. ——: ——: BURDEN OF PROOF.   On the hearing of a remonstrance against granting a liquor license which denies any jurisdictional matter, as that certain named petitioners are resident freeholders, or that the petition is signed by a majority of the freeholders of the ward, where the petition has less than thirty signatures, the burden is upon the applicant to prove these jurisdictional facts.   When the remonstrance alleges new matter, such as that certain signers to the petition were made freeholders for the purpose of enabling them to sign the same, the burden is upon the remonstrator to establish such new matter.

3. ——: ——: THE FINDINGS OF THE CITY COUNCIL of the existence of any jurisdictional fact will be presumed to be supported by the evidence until the contrary is made to appear.

ERROR to the district court for Antelope county.   Tried below before NORRIS, J.

O. A. *Williams*, for plaintiff in error, cited as to the burden of proof of jurisdictional facts: *Pelton v. Drummond*, 21 Neb., 495; *State v. Hanlan*, 24 Id., 608.

*Jackson & Thornton*, contra, cited on the same point: *State v. Weber*, 20 Neb., 467; *Steinkrause v. Hurlbert*, Id., 520; *State v. Hanlan*, supra.

NORVAL, J.

On the 11th day of April, 1889, the defendant in error filed with the clerk of the city of Neligh a petition for a

license to sell malt, spirituous, and vinous liquors in said city.   The following is a copy :

" *To the Hon. the Mayor and City Council of the City of Neligh, Antelope County, Nebraska:* We, the undersigned resident freeholders of the Second ward of the city of Neligh, would respectfully petition that John A. Stevens is a man of respectable character and standing, and a resident of the state of Nebraska, and ask that you grant unto him a license for the sale of malt, spirituous, and vinous liquors at retail in the said Second ward of the city of Neligh, Antelope county, Nebraska, for a period of one  year, commencing on May· 7, 1889."

There were twenty signers to the petition.   On the 6th day of May, 1889, the plaintiffs in error filed the following remonstrance against the issuing of a license to the defendant in error :

" *To the Mayor and City Council of the City of Neligh, Nebraska:* We, the undersigned citizens of  the Second ward of the city of Neligh, do remonstrate, protest and object against the issuance of a license to John Stevens to sell malt, spirituous, and vinous liquors in the second ward of the city of Neligh for the year beginning May 7, 1889, for the following reasons, to-wit :

"1.  The notice published is insufficient, as it is not published in the newspaper having the largest circulation in the city of Neligh.

"2.  The petition filed, praying for the issuance of the licer s? to John Stevens, is insufficient in this, that a majority of the resident freeholders of the Second ward of the city of Neligh have not signed said petition, inasmuch as there were at the date of the filing of the petition, nineteen resident freeholders not signers of the petition, while two of the signers of said petition, to-wit, Mrs. E. Romig and C.  C. Jones are not freeholders in any  sense, and two others, to-wit, Frank  Grow and Thomas Kryger, were

made freeholders for the only and express purpose of permitting them to sign the said petition for the license.

> "SARAH K. LAMBERT.
> "MRS. MARY M. CAREY.
> "MRS. MARY ALDER.
> "ELIZABETH GRIFFITHS."

May 7, 1889, was fixed as the time for hearing on said remonstrance. At which time both parties appeared and each declined to introduce any testimony, whereupon the city council overruled said protest. A notice of appeal was given, and afterwards, at the same meeting, the following proceedings were had by the city council, to-wit:

"Moved and seconded, that the prayer of the petition of John A. Stevens be granted, and a license issued to him for the sale of vinous, spirituous, and malt liquors, on the payment of the license, the council being satisfied that said petition is signed by a majority of the resident freeholders of the Second ward of the city of Neligh, Antelope county, Nebraska, there being less than sixty freeholders in said ward."

The remonstrators appealed to the district court, where the action of the city council was sustained.

The first question we will notice is, Does the first point stated in the remonstrance constitute a valid objection to the issuance of a license? Section 2 of the Slocumb law reads: "No action shall be taken upon said application until at least two weeks' notice of the filing of the same has been given by publication in a newspaper published in said *county* having the largest circulation *therein*, or if no newspaper is published in said county, by posting written or printed notices of said application in five of the most public places in the town, precinct, village, or city in which the business is to be conducted," etc.

It is contended by the remonstrators that when the application for license is made to the city council, the notice of the filing of such application, when given in a

newspaper, must be by publication in a paper published and having the largest circulation in the city. The above quoted section governs city and village authorities in granting licenses, and was not intended by the legislature to simply control county boards. It will be observed by the language used that when there is no newspaper published in the county, five notices of such application are to be posted "in the town, precinct, *village,* or *city* in which the business is to be conducted." County boards have no jurisdiction to authorize the business to be carried on in a city or village, and by using the words " city " or " village " in the section referred to, makes it certain that it was the legislative will that the act was to control all license boards. The law does not require that the notice be given in the newspaper having the largest circulation in the city to which the application is made. If the notice appears in a paper published in the county in which the application is made, having the largest circulation therein, it will be sufficient. This construction gives effect to each word of the section.

The first ground of the remonstrance is not well taken for another reason. It does not allege bad faith on the part of the applicant for the license in the selection of the paper. If he acted in good faith in making his choice, the relative circulation of the newspaper cannot be inquired into. (*Brown v. Merrick Co.,* 18 Neb., 355.) The presumption is in favor of good intention in the absence of an allegation and proof of bad faith.

The next question raised by the record is, whether it is necessary for the applicant to show affirmatively that the petition was signed by a majority of the resident freeholders of the ward. The petition must be signed by the requisite number of freeholders in order to give the city council jurisdiction of the matter of granting a license. As this is essential to jurisdiction, and as it cannot be presumed when a remonstrance is filed denying that the peti-

tion is signed by a majority of the freeholders of the ward, it then becomes the duty of the applicant to establish that fact. When the remonstrance denies that any specified petitioner is a freeholder it also becomes the duty of the applicant to furnish proof of the same. The burden in this kind of a proceeding, like an action at law, is on the party who would fail if no testimony were given. If no remonstrance were filed it would be the duty of the applicant to establish the facts conferring jurisdiction. The filing of a protest does not relieve him of that burden. When the remonstrance denies any matter necessary to confer jurisdiction upon the granting power, as that certain signers to the petition are freeholders, the burden is on the applicant to establish that they are qualified petitioners. Where the remonstrance sets up new matter, such as that certain signers to the petition were made freeholders for the purpose of signing the same, or that the applicant has been guilty of a violation of any provisions of the liquor law within a year, or that any former license has been revoked, the burden is upon the remonstrators to establish such new matter.

It appears from the record of the city council that after the remonstrance was overruled, "the council, being satisfied that said petition is signed by a majority of the resident freeholders of the ward," granted a license. It will be presumed that this finding was based upon sufficient evidence. The council having found that the petition was signed by the requisite number of freeholders, their order granting the license will not be disturbed, especially as the remonstrators offered no evidence, and the testimony upon which the council acted is not in the record.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.