THE STATE OF IOWA, Appellee, v. JOHN BRASKAMP et al., Appellants.

1. **Grand Jury:** NUMBER: POPULATION OF COUNTY: JUDICIAL NOTICE. Under section 1, chapter 42, Laws of 1886, whether the grand jury of a county shall be composed of five or seven members depends upon the population of the county according to the last preceding national or state census. And, although the national census of 1890 was not officially announced in January, 1891, it was nevertheless the criterion for determining the number of grand jurors to be selected in county at that time, where the population of the county according to that census was then a matter of public notoriety, of which the auditor, the clerk and the court were required to take notice, in the absence of any provision of law as to when that census was to be deemed completed or in effect.

2. ——: REORGANIZATION AT SUCCESSIVE TERMS OF COURT. The statute does not contemplate that the five or seven persons drawn to serve as grand jurors at the first term of the district court in any year must serve throughout the year, but the eight or twelve persons summoned as grand jurors at the beginning of the year are required to appear at each succeeding term of that year, and from their number a grand jury of five or seven may be drawn each term.

*Appeal from Sioux District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, FEBRUARY 2, 1893.

ON THE ninth day of September, 1891, the grand jury of Sioux county returned an indictment, in due form, charging the defendants with maintaining a nuisance by keeping and controlling a building for the sale of intoxicating liquors. On November 13, 1891, the defendants withdrew their plea of not guilty, previously entered, and moved to set aside the indictment upon the following grounds: That they were not held to appear to answer said charge at September term, and had no opportunity to challenge the grand jury; that the grand jury which found and returned said indictment was impaneled at the January term, 1891, and was composed of seven members, while it should have been composed of only five, as shown by the state census of 1885, and that the same seven grand jurors did not serve at said September term. This motion was also overruled, and judgment entered against the defendants, from which they appeal.— *Affirmed.*

*T. M. Zink*, for appellants.

*John Y. Stone*, Attorney General, *Thos. A. Cheshire* and *Wm. Hutchinson*, County Attorney, for the State.

GIVEN, J.—I. The fact that the appellants were not held to answer said charge at the September term,

1. GRAND jury: number: population of county: judicial notice.

1891, and that they did not challenge the grand jury, is not relied upon as a ground for setting aside the indictment, or in arrest of judgment, but it is set forth for the purpose of showing that they did not waive the other objections urged. Their first contention is that the grand jury which returned the indictment was illegally constituted, for that it consisted of seven members instead of five. Section 231 of the Code, as amended, contains the following provision: "In counties having a population of sixteen thousand inhabitants, or less, the grand jury shall be composed of five members; and in counties having a population of more than sixteen thousand inhabitants the grand jury shall be composed of seven members. * * * Such population shall be determined by the last preceding national or state census." The record of the court, as set out in the abstract, shows that on the twelfth day of January, 1891, of twelve electors duly selected as grand jurors, eleven appeared, and from that number seven were drawn and sworn as grand jurors; that on the thirteenth day of April, 1891, ten of said twelve appeared, from which number seven were drawn and sworn as grand jurors. It also shows that at a time of which no date is given, but which we presume to have been at the September term, 1891, nine of said twelve appeared, from which number seven were drawn and sworn as grand jurors. No two of said grand juries were composed entirely of the same persons.

While the appellants conceded that according to the federal census, 1890, the grand jury was properly composed of seven members, their contention is that that census had not been officially announced at the time of the organization of the grand jury, in January, 1891, and that, therefore, the state census of 1885 should have controlled as to the number of grand

jurors. The federal census of 1890 was provided for in chapter 319, page 653, Supplement to 1 Revised Statutes, United States [2 Ed., 1874–91]. That act does not provide any time at which the taking of the census shall be deemed complete, nor for any official announcement of the census. Section 23 provides that upon request of any municipal government the superintendent of census shall furnish said government with a copy of the names, the age, sex, birthplace, and color or race of all persons enumerated within the territory in the jurisdiction of such municipality. The appellants insist that the officers and court selecting the grand jury could not take judicial notice of the federal census until it was officially announced, and that, therefore, the selection should have been upon the basis of the state census of 1885. The last census preceding the selection of persons from whom to draw juries for 1891 was the national census taken in the month of June, 1890. The population of Sioux county, as shown by that census, was a matter of public notoriety and of common knowledge among the people of the county before any action was taken for the selection of persons from whom to draw juries for 1891, and some fifteen months before the defendants were indicted. It is a familiar rule of law that facts of universal notoriety need not be proved. "Courts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper." *Brown v. Piper*, 91 U. S. 42. In *People v. Williams*, 64 Cal. 87, 27 Pac. Rep. 939, it is held that the courts can take judicial notice of the result of a national census. See, also, Whart., Ev., section 338; *O'Ferrall v. Davis*, 1 Iowa, 560; *State v. Minnick*, 15 Iowa, 123; *Case Threshing Machine Co., v. Haven*, 65 Iowa, 359. Under our law the county auditor, clerk of the court,

and the court are required to act upon the basis of the population of the county as shown by the last preceding census, in selecting juries. There is no provision for proving to them what the last preceding census shows to be the population of the county. Clearly the law contemplated that they shall take official notice of the fact. There is no evidence in the record to show what the population of the county was according to the census of 1885; but the appellants—properly, we think—ask the courts to take judicial notice of what it was. For the same reasons we may surely take notice of what the population was as shown by the census of 1890. By doing so the appellants were given a grand jury composed of seven members as authorized and required by the Code. Had the act of congress fixed a time or prescribed a condition upon which the census of 1890 should be deemed complete or in effect, the census of 1885 would have been the last preceding until that time. In the absence of such a provision the census of 1890 became the last preceding census, for the purpose of the selection of juries, as soon as the population of the county was ascertained therefrom.

II. The appellants' remaining contention is that the seven persons drawn and sworn at the January term, 1891, constituted the grand jury for that year; that the court had no authority to reorganize the grand jury at the September term, as was done, and therefore that grand jury was illegally constituted. Under the Code the names of seventy-five persons are returned each year by the judges of election, from which to select the eight or twelve, as the case may be, to be summoned to the first term in the ensuing year. From this eight or twelve the five or seven to be sworn are drawn. Section 239 provides that "grand jurors shall be selected for the first term in the year at which jurors are required, commencing next after the first day of January each year,

2. ——: reorganization at successive terms of court.

and shall serve one year." Section 243 provides that, except when required at special term, "the grand jury need not be summoned after the first term." It will be observed that the eight or twelve from which the grand jury is to be drawn must all appear at succeeding terms without summons. It is this eight or twelve that "shall serve for one year." It is this number that constitutes the panel that is to be called by the clerk, and from which he is to select by lot the required number, as provided in section 4256. We understand it to be the practice throughout the state to reorganize the grand jury at each term in the year after the first from the eight or twelve summoned to the first term. This we think is the correct practice, and authorized by law.

It follows from the conclusions announced that the judgment of the district court must be AFFIRMED.