JENNIE BROWN ET AL., APPELLANTS, V. FRANK LUTZ, APPELLEE.

FILED MARCH 29, 1893.    No. 5573.

1. **Municipal Corporations:** CITY COUNCIL: ORDINANCES. In a city of the second class, containing a population of less than five thousand, an ordinance of a general character may be presented, read, and adopted by the city council thereof on the same day, provided the rule requiring such ordinances to be fully read on three different days is dispensed with by a vote of three-fourths of the members of the council.

2. ———: LIQUOR LICENSES: ORDINANCES. Certain provisions contained in the ordinance of the city of G., regulating the license and sale of liquors, *held* valid.

3. ———: ———. No license for the sale of intoxicating liquors, issued by a city of the above class, can extend beyond the municipal year in which it shall be granted.

4. ———: ———: NOTICE OF APPLICATION. Action cannot be taken by a city council on an application for a liquor license until at least two weeks' notice of the filing thereof has been given in the mode provided by law.

5. ———: ———: PETITION FOR LICENSE: REMONSTRANCE: BURDEN OF PROOF. Where a remonstrance in opposition to an application for such a license denies that the petition is signed by the requisite number of resident freeholders, the burden is upon the applicant to prove by competent evidence that the same is signed by the required number of qualified petitioners, and if he fails so to do, a license should be refused.

6. ———: ———: ———. It is not necessary to state in such a petition whether the applicant desires to sell at wholesale or retail.

APPEAL from the district court of Fillmore county. Heard below before HASTINGS, J.

*F. B. Donisthorpe*, for appellants.

*Charles H. Sloan* and *John D. Carson, contra.*

NORVAL, J.

This is an appeal from the decision of the district court of Fillmore county sustaining the action of the city council of the city of Geneva in overruling the remonstrance of appellants to the petition of Frank Lutz for a license to sell intoxicating liquors in the first ward of the said city.

It is argued that the city council had no jurisdiction to issue the license for the reason that the ordinance under which license was sought was void. This objection is predicated upon the fact that the ordinance in question was presented, read, and passed by the city council on the same day.

Section 79 of article 1, chapter 14, Compiled Statutes, declares that "All ordinances and resolutions, or orders, for the appropriation or payment of money, shall require,

for their passage or adoption the concurrence of a major-
ity of all members elected to the council or board of trus-
tees; ordinances of a general or permanent nature shall be
fully and distinctly read on three different days, unless
three-fourths of the council or trustees shall dispense with
the rule," etc.

The foregoing section is found in the act governing cities
of the second class, containing less than 5,000 inhabitants,
and is a limitation upon the powers of city councils of
such cities as are embraced within the act in the passage or
adoption of ordinances.    It requires no argument to show
that an ordinance of a general character cannot legally be
read and put upon its final passage by a city council of the
class to which the city of Geneva belongs on the same day
it is presented or introduced, unless at least three-fourths
of the council shall vote to dispense with the rule which
requires the reading of ordinances on three different days
before their adoption.    But if the rule be thus suspended,
the conclusion is irresistible that an ordinance can be placed
upon its first, second, and third readings, and be passed on
the same day it was first presented.    To support the posi-
tion that the ordinance in question could not be passed at
the same meeting at which it was introduced, counsel for
appellants cites section 123 of chapter 12*a* of the Compiled
Statutes, which reads as follows:

"Sec. 123. All ordinances of the city shall be passed
*pursuant to such rules and regulations as the council may*
prescribe; *Provided,* That upon the passage of all ordi-
nances the yeas and nays shall be entered upon the record
of the city council, and a majority of the votes of all the
members of said council shall be necessary to their passage;
*Provided further,* That no ordinance shall be passed the
same day or at the same meeting it is introduced, except
the general appropriation ordinance at the first meeting of
each month."

It is plain that the foregoing provisions have no bearing

37

upon the question now under consideration, inasmuch as the section last above quoted is contained in the act defining, regulating, and prescribing the duties, powers, and government of metropolitan cities. While there is no proof in the record before us as to the population of Geneva, we will take judicial notice of the fact that it is a city of the second class, containing a population of less than five thousand, and, therefore, is governed by the act of the legislature incorporating cities of the second class and villages.

The transcript of the record of the proceedings of the city council of the city of Geneva, which is before us, shows that the ordinance in dispute was passed in strict conformity with the provisions of section 79, copied above. At the meeting at which the ordinance was adopted the mayor and every member of the city council were present, and after the first reading of the ordinance the rule requiring the same to be distinctly read on three different days was dispensed with by the unanimous vote of the council. The ordinance was then read a second time, and on motion the said rule was again suspended by a like vote of the council, and the ordinance was put upon its third reading and was passed and adopted by the vote of each member of the city council voting in favor thereof upon the call of the yeas and nays, and the same was declared adopted. Every requirement of the statute has been observed in the passage of the ordinance, and the objection to the granting of the license on that ground must be overruled.

It is urged that section 15 of the ordinance is unreasonable and unjust, because it provides that no chairs or seats of any kind shall be placed in any saloon, and fixes a penalty for any violation thereof. The objection is without merit. The provision referred to is a reasonable one, and if it were not the remonstrators would have no just cause to complain, since it is not shown that their rights are in any manner affected thereby.

It is claimed that section 7 of the ordinance leaves it optional with the council as to the length of time a license shall be issued. The language of the provision is: "The license shall state the time for which it is granted, which shall not exceed one year or extend beyond the end of the municipal year for which it is granted." The objection is too technical. The word "or" as used in the quotation should be construed to mean "nor." It was evidently the intention of the city council to conform the ordinance to the provision of the statute, which expressly declares that the license shall not extend beyond the municipal year in which it shall be granted, and a fair interpretation of the ordinance is that it does not authorize the issuing of a license to run beyond the close of the municipal year.

Another objection urged against the ordinance is that it does not specify the officer who shall sign or issue the license. While there is no provision in the ordinance which in express words declares who shall sign the license, the seventh section prescribes the form of the license, which shows that it is to be signed by the city clerk and attested with the city seal. This is a sufficient designation of the person who shall sign or issue a license which has been granted by the city council.

One of the grounds of the remonstrance is that the petition for the license is not signed by the requisite number of resident freeholders. It contains the signatures of only thirty persons, which would be sufficient if all the persons signing it were qualified petitioners. There is no competent proof in the record before us that any of the persons who signed the application were resident freeholders of the ward in which the business was to be carried on. The only evidence upon the subject is the certificate of the county clerk to the effect that the petitioners are resident freeholders of the ward, which testimony at the time of its introduction was objected to by the remonstrators. The

certificate of the county clerk, under the provisions of section 5 of the ordinance, would perhaps be sufficient to authorize the granting of a license where no remonstrance is filed; but where one of the grounds of a remonstrance is that the signers of a petition for a liquor license are not resident freeholders, the burden is upon the applicant to establish by competent evidence that the same is signed by the requisite number of qualified petitioners. (*Lambert v. Stevens,* 29 Neb., 283.)

Objection is made that sufficient notice of the application for a license was not given. It appears from the affidavit or proof of publication attached to the notice, made by the publisher of the *Geneva Democrat,* a weekly newspaper of general circulation in Fillmore county, that a notice of the filing of Frank Lutz's application for a license, in due form, signed by the city clerk, was published for two consecutive weeks in said newspaper, commencing on the 2d day of June, 1892. The remonstrance was filed on June 16, but by stipulation of counsel for the respective parties no action was taken thereon until June 21, when a hearing was had on the remonstrance before the city council. We think sufficient notice was given in this case, even though the paper in which it was published was not actually deposited in the post-office until June 3, as testified to by some of the witnesses, since more than two weeks elapsed after that date before the city council took any action upon the application for a license. Two weeks' notice is all the statute requires.

It is further claimed that the petition is defective because it does not state whether the applicant desires a license to sell at wholesale or retail. It was not necessary that it should so state. The statute does not require it. The law relating to the sale of intoxicating liquors applies to all persons engaged in the traffic, wholesalers and retailers alike. It makes no distinction between them, and a petition for a license need not state how the liquors are to be sold.

For the reason that it does not appear that the petition was signed by a sufficient number of resident freeholders, the judgment of the district court affirming the decision of the city council is reversed and the application for a license dismissed.

REVERSED AND DISMISSED.

THE other judges concur.