JOHN W. FERRELL v. A. D. ELLIS, Appellant.

**Malpractice:** STANDARD OF SKILL: INSTRUCTION. In an action for malpractice an instruction relating to the degree of skill and learning required of a physician, which fails to limit such skill to that ordinarily possessed by physicians practicing in similar localities, is prejudicial; and the error is not overcome by the testimony of physicians, as to the standard of skill required of defendant, who reside and practice at other towns of dissimilar size.

*Appeal from Wayne District Court.*— HON. H. M. TOWNER, Judge.

MONDAY, FEBRUARY 12, 1906.

ACTION for damages resulted in a judgment for plaintiff. The defendant appeals.— *Reversed.*

*Howell & Elgin* and *Freeland & Evans,* for appellant.

No argument for appellee.

LADD, J.— The defendant is a physician residing in the village of Powersville, Mo.  On the 18th day of October, 1902, he was called to attend the plaintiff, who lived about three and one-half miles distant.  He had fallen from a ladder and dislocated the radius of his arm at the elbow. Whether it was a forward or backward dislocation was in dispute.  Defendant testified that it was a backward dislocation; that he brought the head of the radius in apposition with the external condyle and dressed the arm extended; that it healed as well as usual in such cases.  The arm was examined by other physicians some months afterwards, and in May of the following year was operated on by Dr. Bamford of Centerville, assisted by two other physicians. According to their testimony the head of the radius had slipped forward and after breaking the adhesions they set the arm and dressed it flexed or at right angles.  The court instructed the jury that:  " The standard of skill and learning required in any case is that reasonable degree of skill and learning ordinarily exercised by the members of the profession at the time of the treatment in question, having regard to the advanced state of the profession at the time."  This was erroneous in not limiting the degree of skill and learning to that ordinarily possessed by physicians and surgeons practicing in similar localities.  *Whitsell v. Hill,* 101 Iowa, 629; *Decatur v. Simpson,* 115 Iowa, 348.

The presumption that prejudice resulted is in no way obviated by the record.  No physician, other than defendant, residing at Powersville testified.  Surgeons of more or less experience from Lineville, Corydon, Allerton, and Centerville, places varying in population, according to the last federal census, from 690 to more than 5,000 inhabitants, testified; while the village of Powersville was too small to find place in the enumeration.  Judicial notice is taken of the population of towns and cities.  *Bennett v. Marion,* 106 Iowa, 628; Wigmore on Ev., section 2577.  We have done so, not to sustain an error, but in order to ascertain, if pos-

sible, that an error committed might not have been without prejudice. No other debatable question is raised by the record.

For the error pointed out the judgment must, be, and is, *reversed*.