A. O. PAGE ET AL. *v.* R. D. McCLURE ET AL.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, POWERS, and MILES, JJ.

Opinion filed July 10, 1906.

*Mandamus—Demurrer to Petition—Judicial Notice—Population of, Town—Federal Census—Scope of Writ of Mandamus—Board of Civil Authority—Duty to Canvass Ballots.*

The Court will take judicial notice of the population of any town in this State, as revealed by the last federal census.

A demurrer to a petition for mandamus to compel the defendants, as members of the board of civil authority in a town, to fully canvass

and count all the ballots cast at an annual town meeting on the question whether that town should issue licenses for the sale of intoxicating liquors, does not admit the allegation of the petition that it was the duty of the defendants, as members of such board of civil authority, to so canvass, count, and declare such ballots; for whether that duty exists is a question of law.

A writ of mandamus can enforce the performance of only existing duties. It can neither create new duties, nor exact of a public officer more than the law requires him to do.

There is no law that makes it the duty of the board of civil authority in a town having not more than four thousand inhabitants, to canvass and count ballots taken on the question whether such town shall issue licenses for the sale of intoxicating liquors.

The fact that the members of the board of civil authority who were present at an annual town meeting in a town having fewer than four thousand inhabitants, assuming that it was their duty to canvass and count the ballots cast at that meeting on the question of whether the town should issue licenses for the sale of intoxicating liquors, proceeded to perform that supposed duty, does not subject them to mandamus to compel the proper performance thereof.

PETITION FOR MANDAMUS to compel the defendants, as members of the Board of Civil Authority of the town of Highgate, to fully canvass and count all the ballots cast at an annual town meeting on the question whether that town should issue licenses for the sale of intoxicating liquors, brought to the Supreme Court for Franklin County at its May Term, 1906, and then heard on demurrer to the petition.

The petition alleged, among other things, that the petitioners, A. O. Page, G. Allen Sargent, M. W. Hedding, A. Oscar Benoit, Tuffield L. Trombley and Horace Cross, were all residents, taxpayers, and legal voters in the town of Highgate, Vermont; that the Board of Civil Authority of said Town consists of three selectmen, seven justices of the peace and the town clerk; that at its annual town meeting in March, 1906, said town voted upon the question whether it would issue li-

censes for the sale of intoxicating liquors, using the official ballots required by law; that at said town meeting there were present two of said selectmen, defendants, William G. Carman and John Dutton, three of said justices of the peace, defendants, Ransom D. McClure, Melvin E. Barr and Hubert G. Carman, and also said town clerk, defendant, Clark R. Lyon; that it was the duty of such members of said Board of Civil Authority as were present at said meeting to canvass and count said ballots; that the defendants as such members of said Board, assumed said duty and proceeded to count said ballots; that in canvassing and counting said ballots, they found and counted without difficulty 117 "Yes" votes, and the same number of "No" votes, but that they found one ballot with a cross in the "Yes" square, and with the word "Yes" written in the "No" square, and that said ballot had the appearance of an attempted erasure of the word "Yes" so written in the "No" square; that, on finding that the vote stood a tie, if said ballot was not counted, a great controversy arose among the parties interested as to how said ballot should be counted; that the Board of Civil Authority, composed of defendants, refused to either count or reject said ballot, and refused to declare the result of the vote, but made the following record of their proceedings, and caused the same to be spread upon the records of said town, as a part of the record of the proceedings of said meeting: "Vote for license as follows: Yes, 117, No, 117 with one vote to be decided by the court, if any one interested see fit to carry it up."

The prayer asked for a writ of mandamus commanding the defendants to fully canvass, count and declare all of said ballots cast at said town meeting.

*C. G. Austin & Sons* for the relators.

*D. W. Steele* and *Alfred A. Hall* for the defendants.

The demurrer admits only such facts as are well pleaded. High's Ex. Remedies, §§ 449, 455; *Edwards* v. *U. S. ex rel.,* 103 U. S. 471; *People ex rel.* v. *Supervisors,* 15 Barb. 607; 13 Enc. Pl. & Pr., 685.

The right to the writ of mandamus must be clearly established. *Free Press Association* v. *Nichols, et al.* 45 Vt. 18; *Sabine* v. *Rounds,* 50 Vt. 74; *McBane* v. *People,* 50 Ill. 503; *State ex rel. Brickman* v. *Wilson,* 45 L. R. A. 777; *Beeman* v. *Lake County, etc.,* 42 Miss. 237; *Townes* v. *Nichols,* 73 Me. 515; *Freon* v. *Carriage Co.,* 42 Ohio St. 30; *Mobile etc. Co.* v. *People,* 132 Ill. 559; *State ex rel. Faires* v. *Buhler,* 90 Mo. 560; *People ex rel. Wallace* v. *Saloman,* 46 Ill. 415; *Draper* v. *Noteware,* 7 Cal. 276; *Puckett* v. *White,* 22 Tex. 559; *State ex rel. Myers* v. *Appleby,* 25 S. C. 100; *Maddox* v. *Neal,* 45 Ark. 121; *People ex rel. Hurd* v. *Johnson,* 100 Ill. 537; *People ex rel. Harless* v. *Hatch,* 33 Ill. 9; *Reg.* v. *Ray,* 44 U. C. Q. B. 17; *Glassock* v. *General Land Office Com.,* 3 Tex. 51; *State ex rel. Brooks* v. *Napier,* 7 Iowa 425; *Pond* v. *Parrott,* 42 Conn. 13; *Chisjolm* v. *McGehee,* 41 Ala. 192; 3 Brickall Dig. 625.

Mandamus may compel action, when an officer has refused to act, but it will not control such action. McCrary Elections, § 416; 13 Enc. Pl. and Pr. 529; Spelling Ex. Relief, §§ 1556, 1559; *Peters* v. *Warner,* 81 Iowa 335; *Dolton* v. *State,* 43 Ohio St. 652.

The Board of Civil Authority, having once canvassed and declared the vote, has no power to make a recount. *Rosenthal* v. *State Board,* 19 L. R. A. 58; *Bowen* v. *Hixon,* 45 Mo. 340;

*State* v. *Donnewirth,* 21 Ohio St. 216; *Clark* v. *Buchanan,* 2 Minn. 346; *State* v. *Stewart,* 26 Ohio St. 216.

WATSON, J.    Section 2, No. 115, Laws of 1904, provides that a vote shall be taken by ballot at every town meeting to be held on the first Tuesday of March, 1905, and annually thereafter, upon the question, "Shall licenses be granted for the sale of intoxicating liquors in this town?"    The section specifies the form of the ballot to be used for that purpose and how it shall be marked by the voter in voting "yes" or "no," as he may desire.    No specific provision is made in the Act for the counting of the ballots, nor for declaring the result, hence they are to be done according to the general statutory laws governing such duties.    The "Australian ballot system," so called,—No. 1, Laws of 1892,—has no application to any annual or special meeting of any town, city, or village held for the purpose of choosing town, city, or village officers except where the population of said town, city, or village exceeds four thousand in number; nor to any annual or special meeting in any town, city or village whose population exceeds four thousand and does not exceed eight thousand, unless such town, city, or village at its annual meeting or at a special meeting, called for that purpose, shall vote to have them so apply.    V. S. 131, Section 30, Laws of 1892, became Section 130 of Vermont Statutes.    The latter section was amended by No. 4, Laws of 1902, and on that section thus amended the relators rely.    But as regards the ballots within its scope, the law was made no broader than before.    Indeed in this respect it is in the same language.

The complaint contains no allegation showing the population of the town of Highgate.    Nor was such allegation necessary (*Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146), for

the court will take judicial notice that by the last Federal census the town is within the class having population not exceeding four thousand. 4 Wigmore Ev. § 2577.

By V. S. 2996, "The moderator shall be the presiding officer of town meetings, shall decide questions of order and make public declaration of votes passed; and when a vote declared by him is immediately questioned by seven voters present, shall poll the voters or divide the meeting, unless the town has provided some other procedure in such cases."

Sections 2983 and 2984 contain provisions whereby in towns of less than four thousand inhabitants certain officers shall be elected by ballot when required or demanded by a certain number of voters. And when a ballot is had as provided in these sections, then by section 2985, the polls shall be kept open for a specified time, and the votes shall be counted by the members of the board of civil authority present. But neither these nor any other provisions of the statute make it the duty of that board or of the members thereof to canvass and count or declare votes taken on the question of license in towns having not more than four thousand inhabitants. How it may be in towns where the population exceeds that number we do not consider.

A writ of mandamus can enforce the performance of only existing duties. It can neither create new duties nor require of a public officer more than the law has made it his duty to do. *Bailey* v. *Oviatt,* 46 Vt. 627; *Ex parte Rowland,* 104 U. S. 604, 26 L. ed. 861.

It appears from the allegations of the complaint that the defendants constitute part of the members of the board of civil authority of the town of Highgate, and were present at the annual town meeting in question. It is alleged that it became and was their duty as said board legally to canvass and

count the ballots cast at that meeting on the question of whether the town should issue licenses, and that they assumed said duties and professed to act as said board in the canvassing and counting of the votes so cast.

Whether it was the duty of the defendants as members of that board to canvass and count such votes is a question of law, consequently the allegation in the complaint in this respect is not admitted by the demurrer.

The official relation of the defendants gave them no power to canvass and count these votes and they have none now. The fact that they assumed the duties and professed to act as such board in so doing, is not enough to subject them to a mandate. In this respect they stood then as now only as private individuals. Mandamus lies to compel a party to do only that which it is his duty to do without it, and to be coerced he must have the power to perform the act. *Brownsville* v. *Loague,* 129 U. S. 493, 32 L. ed. 780.

*Demurrer sustained, complaint adjudged insufficient and dismissed with costs.*