CLAUDE ERVIN v. THE STATE.

No. 14197. Delivered June 10, 1931.
State's Rehearing Denied December 16, 1931.

The opinion states the case.

*Oliver Cunningham* and *J. F. Cunningham,* both of Abilene, for the appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for five years.

Before announcing ready for trial appellant filed his motion to quash the jury panel, which was overruled. It appears that the members of the panel had been selected by jury commissioners at a regular term of the court convening in July, 1930. The trial was had at the next succeeding term, on September 19, 1930, before a jury drawn from this panel. The motion to quash directed the trial court's attention to the fact that the city of Abilene in the county of the prosecution had a population of 23,129 according to a preliminary announcement of the census made on May 6, 1930, by the supervisor of the census of the district embracing the city of Abilene. Appellant sought a jury drawn in accordance with the provisions of article 2094, Revised Statutes of 1925, as amended by the Acts of the Forty-first Legislature, 1929, chap. 43, sec. 1 (Vernon's Ann. Civ. St., art. 2094), which provides for the "jury wheel system" in counties having a population of at least 58,000 or having therein a city of at least 20,000 population, as shown by the preceding federal census.

There is no specific provision in the Act of Congress, June 18, 1929 (13 U. S. C. A., sec. 201, et seq) with reference to the time of final announcement of the census; nor is there any provision as to the time the census shall become effective. Under the terms of the Act of March 6, 1902, (13 U. S. C. A., sec. 4, the Director of the Census is required "to

have printed, published and distributed from time to time bulletins and reports of the preliminary and other results of the various investigations authorized by law." Substantially to the same effect is section 13, Act of Congress, June 18, 1929 (13 U. S. C. A., sec. 213), which imposes on the Director the duty to have printed preliminary and other census bulletins and final reports of the results of the several investigations. Section 205, 13 U. S. C. A., reads as follows:

"Each supervisor shall perform such duties as may be imposed upon him by the Director of the Census in the enforcement of this chapter," etc.

In Holcomb et al. v. Spikes, 232 S. W., 891, the Court of Civil Appeals at Amarillo, Texas, in holding that a preliminary announcement of the census by the Director was an official pronouncement of which the public and all officials may take notice, said: "It would seem by the Act of 1902 duties were imposed upon the Director to publish and distribute bulletins and reports of the preliminary and other results of the various investigations authorized by law. This, in so far as we can ascertain, is the only method to inform the public and of giving it access to the information ascertained and complied by the enumerators and supervisors. It would seem when a bulletin is so published and distributed it then becomes an official pronouncement under the law, of which the public and all officials may take notice. * * * In this case the undisputed facts show the Census Bureau, under the signature of its Director, issued a bulletin showing before the election the population of Lubbock County to be 11,096. This seems to have been official. This information appears to have been given to leading papers of the state. Under the law this information could have been obtained in no other way than through the Director's official act, without violating the law and subjecting the parties to a charge of felony. We think the case of Nelson v. Edwards, 55 Texas, 389, indicates, when the enumerator's list is filed, as required by the law, as it then existed, this made it such evidence as that public officials could and should act upon it. There was no other method provided or shown requiring a proclamation placing the census in effect."

In the case at bar the preliminary announcement of the census contained a statement that the figures were preliminary and subject to correction. Touching the effect of this statement, we quote further from the opinion in Holcomb et al. v. Spikes, supra, as follows: "It is insisted that the Director of Census gave a certificate to the effect that the count for the census was subject to correction. If this certificate was authorized by the Act, we do not believe it should be held that this evidenced that the census was not complete under the terms of the law when the Director had officially published and distributed bulletins that the population was over 10,000. It is not a certificate that the official count was incomplete or was not correct. In fact, his subsequent certificate shows it was cor-

rect, and that his bulletin had been properly issued. The bulletin, we believe, officially announced the population as shown by the list forwarded by the enumerators of Lubbock County and supervisors of the district, and that as filed in the archives of the census office it was open to the public. The statute authorized, if there was an incomplete or erroneous enumeration, that it could be amended or taken anew. The bulletin does not indicate that it was incomplete or negligently done, but rather indicates it may be subject to correction. It does not carry the idea that it was incomplete, but that it was complete. We think, when the bulletin was given to the public, officials who were required to act with reference thereto may take official notice that the enumeration had been made and was then in the archives of that office, subject to the inspection of the public in which the population of Lubbock County had been determined. The fact that it may be corrected does not indicate that the census was not complete and then a public document under the law."

In the case of Herndon v. Excise Board of Garfield County et al., 147 Okla., 126, 205 Pac., 223, the Supreme Court of Oklahoma had under consideration the question as to whether a preliminary announcement of the census of Enid, Oklahoma, by the supervisor of the district embracing said city was binding upon officials who were required to act with reference to the population of said city. The case of Holcomb et al. v. Spikes, supra, was cited in support of the conclusion that the preliminary announcement was an official pronouncement of which the public and all officials took notice and by which officials who were required to act in reference to the population therein stated should be guided. After citing the statutes relating to the duties of the Director of the Census and his supervisors the court said: "Thus it follows that the supervisor was clothed with authority to perform the duties imposed upon him by the Director of the Census, one of which duties was the preliminary announcement of the census involved in the case at bar. So then the preliminary announcement of May 3, 1930, was an official announcement of the census of Enid; moreover, the certificate of the Director of the Census dated September 22, 1930, showing a population of 26,398, was official even if not final. It follows that the city of Enid fell into the classification contained in Section 4691, C. O. S., 1921, providing for said court."

It appears that the statutes of Oklahoma provided for a city court in cities having a population of more than 25,000 and less than 55,000, as shown by the last federal census. The preliminary announcement of the population of Enid was held to automatically bring said city within the operation of the statute. See, also, State v. Braskamp, 87 Iowa, 588, 54 N. W., 532.

The opinion is expressed that the preliminary announcement of the

census of the city of Abilene was an official pronouncement. This announcement was made prior to the time the jury commissioners selected the panel from which the jury was drawn. The announcement of the population in the preliminary report should have been the guide of officials whose duty it was to act with reference thereto. The effect of the preliminary announcement was to place the county of the prosecution under the provisions of article 2094, Revised Statutes, 1925, as amended. Hence the motion to quash the jury panel should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The facts are stated in the original opinion. Drawing attention to bill .of excepton No. 2, state's counsel contends that judicial notice of the census returns showing the population of Abilene did not operate for the reason that there was introduced before the court no authentic proof showing the population of that city as contained in the United States census of 1930. It appears from the bill that there was produced before the court a document from which the following is quoted:

"Form 15-116

"DEPARTMENT OF COMMERCE, Bureau of the Census
"Fifteenth Census of the United States
"OFFICE OF SUPERVISOR OF CENSUS
"Abilene, Texas, May 6, 1930
(Address)              (Date)
"Released for Immediate Use
"FIFTEENTH CENSUS—PRELIMINARY ANNOUNCEMENT
OF POPULATION (Subject to Correction)

"The population of Abilene city (City, town, village, or minor civil division, township, etc.) County of Taylor State of Texas as shown by a preliminary count of the returns of the Fifteenth Census, taken as of April 1, 1930, is 23,129, as compared with 10,274 on January 1, 1920. The 1930 figures are preliminary and subject to correction.

"There were 15 farms enumerated in this area at the Fifteenth Census.

"Walter R. Southworth,
"Supervisor of Census."
"U. S. Government Printing Office: 1930   11-101321."
"DEPARTMENT OF COMMERCE, BUREAU OF THE
CENSUS

"WASHINGTON
"Date: May 20, 1930.

"TEXAS

"The following 1930 population figures for cities and other incorporated places, based on supervisors' preliminary counts and subject to correction, are announced today:

| Place | County | Population | | Number of |
| --- | --- | --- | --- | --- |
| | | 1930 | 1920 | Farms |
| Abilene | Taylor | 23,192 | 10,274 | 15 |
| * | * | * | * | * |

NOTE: These figures have already been made public by the local supervisors.

"(31)"

Due to the fact that there was no evidence save that appearing upon the face of the document showing that it was authentic, the court declined to take note of it. The trial of the appellant began on the 19th day of September, 1930. It is to be noted in the above-described document that the report was made on the 6th day of May, 1930. As understood by the writer, the question turns on whether proof of the contents of the census report was in law necessary.

From Words & Phrases, Third Series, vol. 4, p. 638, the following pertinent quotation is taken: "There are certain facts of which courts may take notice and which need not be proven, 'judicial notice' fulfilling the object for which evidence is designed and standing in place of evidence; and if called upon to take judicial notice of a fact of which he should take notice, or if in the trial other facts suggest to him the probable existence of such fact, the trial judge may inform himself in respect thereto, refresh his memory by referring to documents or books of reference. Line v. Line, 86 A. 1032, 1034, 119 Md., 403, Ann. Cas. 1914D, 192."

In many other instances the term "judicial notice" has been defined. See Words & Phrases, 2nd Series, vol. 2, p. 1265, from which the following quotation is taken: " 'Judicial notice' does not depend on the actual knowledge of the judges. When the fact is alleged, they must investigate and may refresh their recollection by resorting to any means which they may deem safe and proper."

Many cases are cited in the text mentioned, including Haaren v. Mould, 144 Iowa, 296, 122 N. W., 921, 923, 24 L. R. A. (N. S.) 404.

In Words & Phrases, 1st Series, vol. 4, p. 3858, it is said: "Judicial notice takes the place of proof, and is of equal force. As a means of establishing facts it is therefore superior to evidence. In its appropriate field, it displaces evidence, since, as it stands for proof, it fulfills the

object which evidence is designed to fulfill, and makes evidence unnecessary. State v. Main, 37 Atl., 80, 36 L. R. A., 623."

That the population of cities, as reported in the United States Census, is one of the subjects of judicial notice, has been decided by the courts many times. Among the illustrative cases are Bennett v. Marion, 106 Ia., 628, 76 N. W., 844; Ferrell v. Ellis, 129 Ia., 614, 105 N. W., 993; Brown v. Lutz, 36 Nebr., 527, 54 N. W., 860; Stratton v. Oregon City, 35 Or., 409, 60 Pac., 905; Page v. McClure, 79 Vt., 83, 64 Atl., 451. See Wigmore on Evidence (2nd Ed.), vol. 5, p. 590, sec. 2577. See also Priddy v. Boice, 201 Mo., 309, 99 S. W., 1055, 9 Ann. Cas., 874, 9 L. R. A. (N. S.) 718, 119 Am. St. Rep., 162.

The case of State v. Braskamp, 87 Iowa, 588, 54 N. W., 532, 533, is one in which the following in substance was involved: The law required that in certain counties the grand jury should be composed of five members and in other counties of seven members, depending upon the population of the respective counties. The grand jury was organized according to the population of Sioux county prior to the census of 1890. Appellant contended that at the time the grand jurors were selected, in the absence of proof from official sources showing the result of the census of 1890, the grand jury should have been composed as under the census of 1885. The court took judicial knowledge of the population of Sioux county under the census of 1890 and held the grand jury legal. Upon this action of the court the appeal was prosecuted and the conviction affirmed. In the opinion, note is taken of the fact that the United States statutes providing for the taking and compiling of the census designated no time at which the census should be deemed complete, and provided for no form of official announcement of the result. Such we understand was the condition of the federal law under which the recent census was taken. See chapter 28, Acts of the U. S. Congress, First Session, 1929 (13 U. S. C. A., sec. 201 et seq.). In speaking of the right of the officers in selecting the grand jury to take judicial notice of the census of 1890, the court said: "Courts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper." (State v. Braskamp, supra.)

See Brown v. Piper, 91 U. S., 42, 23 L. Ed., 200, and other cases mentioned in the opinion from which the above quotation is taken.

If it be assumed in the present case that the judge was justified in refusing to act upon the documents which were presented to him, as shown by the bill of exception, they were obviously sufficient, together with the motion of the appellant, to bring to the attention of the trial judge, facts which would have led to knowledge of the result of the census of 1930.

The motion for rehearing is overruled.

*Overruled.*