

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 21, 1950

*Superseded By Art 29d V.C.S*

Hon. F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Dear Mr. Graham:

Opinion No. V-1137.

Re: Effective date of the
1950 Federal census
of Cameron County.

Reference is made to your inquiry as to the date on which the 1950 Federal census became effective in Cameron County. You state that a bulletin of the Bureau of the Census dated September 14, 1950, shows Cameron County as having a population of 124,834 as of April 1, 1950. The bulletin states that this count superseded an earlier published report, the date of which is not given. The population of Cameron County according to the 1940 Federal census was 83,202.

You further state that the question of the effective date of the census has come up in connection with fees which may be retained by justices of the peace and constables in that county. We quote from your letter:

"Art. 3883, Sec. 8, V.C.S., applies to counties with a population of not less than 77,750, nor more than 88,750, according to the last preceding Federal census of the United States. Under that article justices of the peace and constables are permitted to retain as their fees $2,750.00 each per annum, and also to retain one-third of the excess fees until such one-third of such excees fees, together with the said amount of $2,750.00, equals the sum of $3,000.00.

"Section 5 of the same article provides that in counties containing as many as 100,001, and not more than 150,000 inhabitants, justices of the peace and constables may retain $2,500.00 each, out of the fees collected.

"In order that justices of the peace and constables in this county may make their final

reports and their settlement of the annual
fees collected, it is necessary to know as
of what date the 1950 Federal census is or
was effective."

Federal law directs that a census shall be
taken in the year 1930 and every ten years thereafter
"as of the 1st day of April." 13 U.S.C.A., §§ 201, 206.
Provision is made for the publication and distribution
of the results of the census, but there is no Federal
statute which determines its effective date.  As observed
in Ervin v. State, 119 Tex. Crim. 204, 205, 44 S.W.2d 380,
381 (1931), "there is no specific provision . . . with
reference to the time of final announcement of the census;
nor is there any provision as to the time the census shall
become effective."  Likewise, there is no State statute on
this matter.

Decisions of the courts of this State have estab-
lished that the preliminary announcement by the Area or
District Census Supervisor of the results of a census a-
mounts to an official pronouncement, of which officials
may take notice and upon which they thenceforth are author-
ized to act, even though the preliminary figures are sub-
ject to correction by the final report.  Holcomb v. Spikes,
232 S.W. 891 (Tex. Civ. App. 1921, error dism.); Ervin v.
State, 119 Tex. Crim. 204, 44 S.W.2d 380 (1931); Garrett v.
Anderson, 144 S.W.2d 971 (Tex. Civ. App. 1940, error dism.,
judgm. cor.).  However, in none of those cases was it neces-
sary for the court to determine whether the effective date
related back to the time the enumeration was made,--in this
case, April 1, 1950.  There is no Texas decision directly
on this point.  However, the reasoning and language of the
cases indicate that a census does not take effect until its
result is announced.

Decisions in other States are conflicting as to
the  precise date on which a Federal census becomes effec-
tive in the absence of a State stature prescribing the ef-
fective date.  In Underwood v. Hickman, 162 Tenn. 689, 39
S.W.2d 1034 (1931), the court held that an increase in the
salary of the county court's clerk because of an increase
in the population of the county became effective April 1,
1930, the date of the enumeration.  A contrary view was ex-
pressed in Lewis v. Lackawanna County, 200 Pa. 590, 50 Atl.
162 (1901), which also involved the salaries of county of-
ficers.  This case held that the effective date does not
relate back to the time of enumeration, but that "the fact

becomes applicable only from its legal ascertainment"
through "an official statement of the facts."

After weighing the arguments in support of each
of these conflicting views, and after considering the
expressions by the Texas courts in the above-cited cases
and the provisions of the statutes relative to the com-
pensation of county and precinct officers, we are of the
opinion that the effective date of a census, within the
contemplation of these statutes, coincides with the date
of the official announcement of the result.  This holding
accords with previous rulings of this department, as ex-
pressed in Att'y Gen. Ops. O-2337 (1940), O-2742 (1940),
O-2932 (1940), and O-3351 (1941).

You are therefore advised that the effective
date of the 1950 census in Cameron County was the date on
which the Area or District Supervisor released his first
official preliminary report for that county.  We have not
been informed of the date of the original report, and for
that reason we cannot tell the exact date when the census
became official in your county.

## SUMMARY

The effective date of a Federal census,
within the contemplation of the statutes pro-
viding for the compensation of county and pre-
cinct officers, is the date on which the Area
or District Census Supervisor makes an offi-
cial announcement of the census result for the
particular county.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

MKW:wb:em

Very truly yours,

PRICE DANIEL
Attorney General

By *Mary K. Wall*
       Mary K. Wall
              Assistant