## WALTER RASOR, ALIAS SHORTY RASOR, v. THE STATE.

### No. 4040.    Decided June 19, 1909.

#### Motion for rehearing withdrawn October 13, 1909.

**1.—Gaming—Indictment—Constitutional Law—Cruel Punishment.**

See opinion for indictment, which is in strict accordance with the statute passed by the Thirtieth Legislature, and which statute is not unconstitutional on the ground that it inflicts a cruel and unusual punishment.

**2.—Same—Constitutional Law—Jury Wheel.**

The Act of the Thirtieth Legislature, known as the jury-wheel law, is constitutional. Following Smith v. State, 54 Texas Crim. Rep., 298.

**3.—Same—Jury and Jury Law—Talesmen.**

Where, upon trial for keeping a gambling house, etc., it appeared from the record upon appeal that the court ordered the sheriff to execute instanter attachments for the absent jurors, but the sheriff was guilty of laches, and did not summons said regular jurors, whereupon the court ordered him to summons talesmen, which was done, and there was nothing to show that the defendant's rights were prejudiced thereby, inasmuch as he received the lowest punishment, on palpable evidence of his guilt, there was no reversible error.

**4.—Same—Evidence—Date of Offense.**

Upon trial for keeping and being concerned in keeping a gambling place, there was no error in admitting testimony going to show acts, control, ownership and direction on the part of the defendant of the place where the gambling was done, both before and immediately after the day alleged in the indictment.

**5.—Same—Evidence—Bill of Exceptions.**

An allegation in defendant's bill of exceptions that it had not been shown that he owned a certain table and other paraphernalia introduced in evidence on a charge of keeping a gambling place, is not a statement of a fact, and therefore insufficient; however, there was no error in admitting testimony that said gambling place had been raided by the officers, and certain tables, chips and other things were found therein, while defendant's partner in the gambling place was there, although defendant was absent.

**6.—Same—Evidence—Description.**

Where the indictment described the gambling place as a building and room in the county of the prosecution, there was no error in admitting testimony more particularly describing said gambling place.

**7.—Same—Charge of Court—Requested Charges.**

Where, upon trial for keeping a gambling place, the evidence showed that the defendant and another acted together, there was no error in rejecting special charges requested by the defendant with reference to his control or interest in said place, inasmuch as the court had substantially given the same in his main charge.

**8.—Same—Charge of Court—Accomplice.**

The law in gambling cases specially provides that the witnesses who testify for the State are not accomplices, although engaged in the gaming or gambling; and there was no error in the court's failure to charge on accomplice testimony.

Appeal from the District Court of Tarrant. Tried below before the Hon. W. T. Simmons.

Appeal from a conviction of keeping a place where people resorted for the purpose of gambling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Parker & Parker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged with keeping a building, room and place where people resorted for the purpose of betting, wagering, and gambling with cards, in the first count of the indictment, and in the second count, with knowingly permitting a building, room and place under his control to be used for said purpose. Both counts of the indictment were presented by the court to the jury, and the jury found appellant guilty and assessed his punishment at two years confinement in the penitentiary.

The charging part of the indictment is as follows: ". . . that one Walter Rasor, alias Shorty Rasor, alias Shorty, alias A. J. Ward, alias J. A. Ward, in the county of Tarrant and State aforesaid, on the 5th day of September, in the year of our Lord One Thousand Nine Hundred and Seven, did unlawfully keep and was then and there interested in keeping a building, room and place for the purpose of being used as a place to bet, wager, and gamble with cards, and did then and there keep, and was then and there interested in, keeping said building, room and place as a place where people resorted for the purpose of betting, wagering and gambling with cards, against the peace and dignity of the State.

"And the grand jurors aforesaid upon their oaths as aforesaid, do further present in and to said court that one Walter Rasor, alias Shorty Rasor, alias Shorty, alias A. J. Ward, alias J. A. Ward, in the county and State on the date aforesaid did unlawfully and knowingly permit a building, room and place, which was then and there under the control of the said Walter Rasor, alias Shorty Rasor, alias Shorty, alias A. J. Ward, alias J. A. Ward, to be used as a place to bet, wager .

and gamble with cards, and as a place where people resorted for the purpose of betting, wagering and gambling with cards, contrary to the form of the statutes," etc.

Appellant filed a long motion to quash this indictment, but without taking up appellant's criticism, seriatim, will say that the indictment is in strict consonance and accord with the statute passed by the Thirtieth Legislature. We furthermore hold that the statute is not unconstitutional on the ground that it inflicts a cruel and unusual punishment.

Bill of exceptions No. 2 complains the court erred in organizing the jury in this case, insisting that the Act of the Thirtieth Legislature, known as the Jury Wheel Law, is unconstitutional. This has heretofore been decided against appellant in the case of Smith v. State, 54 Texas Crim. Rep., 298, 113 S. W., 289. The other matter complained of in said bill is embodied in the judge's qualification of the bill, which is as follows: "Instead of only ten jurors appearing in response to the summons mentioned on the first part of the preceding page, seventeen jurors appeared and seven were excused by the court, and the sheriff's return showed that about eight of said jurors could not be found in the county. The court in response to motion of counsel for defendant to issue process for all of those jurors upon the regular jury for the week who had failed to appear for jury service, etc., caused process to be issued for the absent jurors, and directed the clerk to issue an attachment for said absent jurors, which was done, and said attachment placed in the hands of the sheriff; whereupon the sheriff took said process and after about a couple of hours time reported back to the court that said absent jurors could not be found in the city and that they lived in the country at a distance ranging from eight to twenty miles, and thereupon the court ordered the sheriff to go out and pick up talesmen, which was done." This showing, as evidenced by the explanation of the court of the sheriff's diligence to secure the absent jurors, is not such as the law requires. It appears that in the first instance the sheriff reported the jurors were not to be found in the county. In the second instance, it appears that after a casual inquiry of two hours he found they lived in the country some eight or twenty miles from the county seat. This clearly shows laches on the part of the sheriff in his effort to summon the jurors that had been drawn from the jury wheel, but we do not think it is such laches or such prejudice shown to appellant as will authorize a reversal of this case. The court excused seven of the jurors, leaving ten of the regular jury. There is nothing to show there was any prejudice existing in the minds of the talesmen against appellant. The facts in this case show that he received the minimum punishment. In a case where the facts are palpable, clear and undisputed, showing that he did run a gambling hall or room, and was interested in running one, as in this case, we do not believe it is such error

and laches on the part of the sheriff to summon the jury that will authorize a reversal of the judgment.

Bill of exceptions No. 3 complains that the court erred in permitting witnesses Smith, Hollingsworth and Davidson, over appellant's objection, to testify that they had been at the place testified about from twice to as many as a half dozen times, covering a period of about six weeks immediately before September 5, 1907; that several persons were there each time playing poker, and that sometimes defendant was there and during the absence of George Kilgore would attend to the game; that when Kilgore was there he attended to the game and sold and redeemed chips. To all of which appellant objected on the grounds that these were prior occasions to the one mentioned in the indictment and separate and distinct offenses, were not binding on appellant, and no allegations in the indictment to support such testimony, no allegations that said place was habitually kept or used for the purpose mentioned therein, and same was not binding on appellant, which objections were overruled by the court. There was no error in the admission of this testimony. Appellant was charged with keeping and being concerned in keeping a place where people resorted for the purpose of gambling, and did gamble. Evidence going to show acts, control, ownership and direction on the part of appellant of the place where the gambling was done both before and immediately after the day alleged in the indictment is admissible testimony to prove the facts in the case.

Bill of exceptions No. 4 complains the State was permitted to prove by deputy sheriffs that on the 5th day of September, 1907, which was the time relied on by the State, they raided the place on Second Street over the Labor Temple saloon and found several persons there playing poker; that they were sitting at a table and had chips in front of them; that George Kilgore was there but was not playing; that they saw him cash the chips, but that defendant was not there; they also testified about the table, describing it, and said table was, over appellant's objection, introduced in evidence with a lot of chips, and a washstand drawer found in the room with chips and cards in it. Appellant objected to this testimony on the ground that same was immaterial, irrelevant, and was not binding on defendant; nor had it been shown that he owned or claimed same. An allegation that it had not been shown that he owned or claimed same is not a statement of a fact. Were we authorized to look to the statement of facts to complete a bill of exception, we would find that the statement of facts shows that Kilgore and appellant were co-operating together as partners or agents in running a gambling hall. There was no error in the ruling of the court.

Bill of exceptions No. 5 complains that the indictment failed to

describe the place where the offense charged therein was committed further than to state that it was a building and room in Tarrant County, and that while the witnesses Snow, Roark, Smith, Hollingsworth, Davidson, Robinson, and Evatt were on the stand as witnesses for the State during the trial of this case, they were each permitted, over appellant's objection, to testify to the effect that said place was located on Second Street between Houston and Throckmorton over the Labor Temple saloon. There was no error in the court permitting this testimony. The indictment does not have to be more explicit than the one above quoted.

Bill of exceptions No. 6 complains that the State was permitted to prove that during the absence of Kilgore appellant sold chips to the players and redeemed them at the end of the game, but that when Kilgore was present Kilgore attended to the game, and that appellant paid the rent on the place, taking receipt therefor in the name of one Ward, whereupon the defendant requested the court to give the jury the following charge, as follows: "Gentlemen of the jury: You are charged that the defendant can not be convicted in this case unless he owned some interest in the business being run at the place testified about, and if you do not believe beyond a reasonable doubt from the testimony introduced that he had or owned such interest, then you will acquit the defendant." Appellant also asked the court to charge the jury as follows: "You are charged that before you can convict in this case you must believe from the evidence that defendant was the owner, lessee or tenant of the building, room or place mentioned in the indictment or had some interest therein, and if you do not so believe from the evidence introduced beyond a reasonable doubt you will acquit the defendant." These charges were substantially given in the court's main charge, and it was not necessary to repeat same.

Bill of exceptions No. 7 complains that the court erred in not charging that the witnesses who had been engaged in playing poker at the place run and controlled by appellant were accomplices. The statute does not make the witnesses accomplices, but explicitly says they are not where they testify in a gambling case.

We have carefully reviewed all of appellant's bills of exception and other questions raised in this record, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing withdrawn October 13, 1909.]