## PETE GARZA V. THE STATE.

No. 20848. Delivered February 14, 1940.

The opinion states the case.

*Oliver Johnson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is willfully burning personal property of another; the punishment assessed is a fine of $1000.

It appears from the record that on the night of September 1, 1938, a stock car belonging to the Pennsylvania Railroad

Company was discovered to be on fire while it was sitting on the switch tracks of the Missouri-Pacific Railroad Company in the City of San Antonio. A few days thereafter, appellant was arrested and while under arrest made a confession in which he admitted that he set fire to three railway cars on the night in question. On the trial, he repudiated his confession and testified that the statements contained in his confession were not true, and that he made them because the officers whipped him and he was afraid not to admit that he was the person who set fire to the cars. The officers testified that there was no mistreatment of the appellant by them. The question of whether or not the confession was freely and voluntarily made was submitted by an appropriate instruction to the jury for their determination. See Bingham v. State, 97 Tex. Crim. Rep., 595; Blake v. State, 110 Tex. Crim. Rep., 128, 7 S. W. (2d), 579 and authorities cited.

By bill of exception number one, appellant complains of the action of the trial court in declining to give him a jury panel drawn from the jury wheel as provided by Art. 2101 R. C. S., and requiring him to submit his cause to a jury picked up and summoned by the sheriff under the direction of the court. This bill is qualified by the court and in the qualification he states that there was no regular jury available, none having been drawn from the jury wheel for the week of June 26, 1939, the week of appellant's trial. That the defendant demanded a jury trial and the court ordered the sheriff to summons a panel of 12 men from which to select a jury. That the defendant objected to such a picked up jury, which objection was overruled by the court and the defendant duly excepted.

It will be noted from Art. 2094, R. C. S. that in each county having a population of at least 58,000 or having therein a city containing at least 20,000 as shown by the last preceding Federal Census, the tax collector or one of his deputies, together with the tax assessor or one of his deputies, together with the sheriff or one of his deputies, and the county clerk or one of his deputies, or the district clerk or one of his deputies, shall meet at the courthouse of their county between the 1st and 15th days of August of each year and select from the list of qualified jurors of such county as shown by the tax list in the tax assessors office for the current year, the jurors for service in the district and county courts of such county for the ensuing year in the manner provided. Art. 2095 provides that the names of the men so selected shall

be written on separate cards of uniform size and color which shall be deposited in a circular wheel to be provided for such purpose by the Commissioners Court of the County, etc.

Art. 2096 provides: "Not less than 10 days prior to the first day of a term of court, the district clerk or one of his deputies, and the sheriff, or one of his deputies, in the presence and under the direction of the district judge, if the jurors are to be drawn for the district court, or the clerk of the county court, or one of his deputies, and the sheriff or one of his deputies, in the presence and under the direction of the county judge, if the jurors are to be drawn for the county court, shall draw from the wheel containing the names of jurors, after the same has been well turned so that the cards therein are thoroughly mixed, one by one the names of 36 jurors, or a greater or less number where such judge has so directed, for each week of the term of the district or county courts for which a jury may be required * * etc."

Art. 2101 R. C. S. provides in part that the provisions of the seven preceding articles, (Arts. 2094-2100 R. C. S.) commonly known as the 'Jury Wheel Law' shall remain in full force in the counties which may be governed by this law, except as modified by the special provisions of the law. Said section also provides that the provisions of this article shall be applicable only to such counties of the State as may maintain three or more district courts, or in which three or more district courts may be hereafter established.

Section 2 of Art. 2101 provides as follows: "In each county under this law, the district judges shall meet together and determine approximately the number of jurors that are reasonably necessary for jury service in all the county courts at law, county courts and district courts of such county, for each week during the time said courts may hold during the year, and shall thereupon order the drawing of such number of jurors from the wheel for each of said weeks, said jury to be known as the general panel of jurors for service in all such courts of such county for the respective weeks for which they are designated to serve. * *"

Section 3 of Art. 2101 R. C. S. provides as follows: "Said jurors, when impaneled shall constitute a general panel for the week, for service as jurors in all county and district courts in said county, and shall be used interchangeably in all of the said courts. In the event of a deficiency of said jurors at any given time to meet the requirements of all said courts, the judge having control of said general panel for the week shall order such additional jurors to be drawn from the wheel as may

be sufficient to meet such emergency, but such jurors shall act only as special jurors and shall be discharged as soon as their services are no further needed. RESORT TO THE WHEEL SHALL BE HAD IN ALL CASES TO FILL OUT THE GENERAL PANEL, except where waived by the parties or their attorneys; provided that by written agreement entered into by all parties to any cause or suit, or the attorney of record in such suit or cause filed therein, the sheriff or other officer in attendance upon said court, may summon the jury needed, or any part of same, in such cause or suit by talesmen, without resorting to the jury wheel, and in such cause or suit said jurors so selected shall be paid as if regularly drawn from the jury wheel."

It is plainly provided by the last section of said article herein quoted that in the event of a deficiency of jurors at any given time, to meet the requirements of all said courts, the judge having control of said general panel shall order the additional jurors to be drawn from the wheel, etc. It is further provided in said section that resort to the wheel shall be had in all cases to fill out the general panel except where waived by the parties or the attorneys of record, or by written agreement entered into between all parties to the litigation.

This court will take judicial knowledge of the fact that Bexar County and the City of San Antonio are within the purview of the above quoted provisions of the law, both as to population and as to the number of District Courts. See Ervin v. State, 119 Tex. Crim. Rep., 204. The above quoted statutes being a special law applicable to Bexar County and other counties in which there are three or more district courts, it therefore supersedes the general law on the subject. It is obvious to us that in counties having three or more district courts, the judge is not authorized to instruct the sheriff to go out and summon men for jury service in either the district or county courts, unless by agreement of the parties, etc. He is not even permitted to summon talesman, but resort must ordinarily be had to the jury wheel in procuring a jury or jurors for service—unless there is a contrary agreement, or such procedure is waived, etc.

Bills numbers 2, 6 and 7 are in question and answer form without a certificate from the trial court that it was necessary that they be in such form; hence we cannot consider them. See Monday v. State, 124 Tex. Crim. Rep., 44; Art. 760 C. C. P. Bill of exception number three is multifarious. Moreover it sets forth no ground of objection. All other matters com-

plained of by appellant have been carefully examined by us and are deemed to be without merit.

For the error above discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.