Lorenzo RIOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 27844.

Court of Criminal Appeals of Texas.

Nov. 30, 1955.

On Motion for Rehearing Jan. 18, 1956.

On Further Motion for Rehearing

Feb. 29, 1956.

Elbert R. Jandt, Seguin, for appellant.

Paul C. Boethel, Dist. Atty., Hallettsville and Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

The offense is murder; the punishment, three years in the penitentiary.

■ The so-called jury wheel system for drawing and selecting petit juries, Arts. 2094 and 2095, R.C.S., as amended, Vernon's Ann.Civ.St., is applicable and controlling in each county having two (2) or more district courts holding sessions therein and having a population in excess of twenty thousand (20,000) inhabitants according to the last preceding federal census.

In 1954, by Chapter 54, Acts of the First Called Session of the 53rd Legislature, and appearing as Art. 199, Dist. 25, Vernon's R.C.S., Vernon's Ann.Civ.St., the legislature created the Special 25th Judicial District Court, composed of Gonzales, Colorado, Lavaca, and Guadalupe Counties. Those counties also composed the 25th Judicial District of Texas.

From and after the passage of that act, there existed in the counties named two district courts holding sessions therein, and three of those counties, viz., Guadalupe, Lavaca, and Gonzales, each had a population in excess of twenty thousand inhabitants according to the census of 1950, which was the the last federal census.

The creation of the Special 25th Judicial District had the effect of placing and did place the counties of Guadalupe, Lavaca, and Gonzales under the jury wheel system, Arts. 2094 and 2095, R.C.S.

Having less than twenty thousand inhabitants according to the last preceding federal census, the County of Colorado did not come within the provision of the jury wheel law.

In 1955, the legislature, by Chapter 2, Acts Regular Session of the 54th Legislature, provided that in the counties comprising the 25th Judicial District and the Special 25th Judicial District the jurors should be selected by jury commissioners in accordance with the provisions of Art. 2104, Revised Civil Statutes, the amendments thereto, and succeeding articles. It was also there expressly provided that the jury wheel method, Arts. 2094 and 2095, R. C.S., governing the selection of petit jurors should not apply in the counties named.

The effect, then, of the act or 1955 was to take the counties of Guadalupe, Lavaca, and Gonzales out of the jury wheel system

for selecting juries and place them under the jury commission system.

In the instant case the jury was selected by jury commissioners, in accordance with the provisions of the act of 1955.

By motion to quash the jury panel, appellant insisted that the act of 1955 was void and that the jury wheel system for the selection of jurors applied and was controlling in Guadalupe County.

It is here insisted that the act of 1955 is void because it is special or class legislation and violates Art. III, § 56, Constitution of Texas, Vernon's Ann.St., which prohibits the legislature from passing any local or special law authorizing, summoning, or empaneling grand or petit juries, and which also provides that in all other cases where a general law can be made applicable no local or special law shall be enacted.

A general law, within the meaning of the provision of the Constitution, is one which applies to and operates uniformly upon all persons or things of a class. Clark v. Finley, 93 Tex. 171, 54 S.W. 343.

A statute that exempts certain counties, arbitrarily, from its operation is a " 'local or special' " law. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084.

We have held that the jury wheel law, Art. 2094, R.C.S., is a general law. Rasor v. State, 57 Tex.Cr.R. 10, 121 S.W. 512; Merkel v. State, 75 Tex.Cr.R. 551, 171 S.W. 738; Herrera v. State, 78 Tex.Cr.R. 259, 180 S.W. 1097.

There is no escape from the conclusion that the act of 1955 is a special law.

In Smith v. State, 120 Tex.Cr.R. 431, 49 S.W.2d 739, we held as void and unconstitutional a statute respecting jury selection which applied to only one county.

Appellant's attack upon the act of 1955 is well taken and is sustained.

The state insists that inasmuch as appellant did not offer in evidence testimony showing the population of the counties named in the act of 1955, the question as to the validity of that act is not before us.

Courts take judicial knowledge of the population of cities and counties reported in the United States census. Ervin v. State, 119 Tex.Cr.R. 204, 44 S.W.2d 380.

Judicial notice takes the place of proof and is of equal force, id.

Indeed, in Garza v. State, 138 Tex.Cr.R. 403, 136 S.W.2d 861, this court took judicial knowledge as to the population and the number of district courts of Bexar County and the City of San Antonio.

The judgment is reversed and the cause is remanded.

## On Motion for Rehearing

WOODLEY, Judge.

We remain convinced that Senate Bill 33, Ch. 2, p. 2, Acts 54th Leg., is unconstitutional and that Art. 2094 V.A.C.S. providing for the drawing of jurors for the term from a jury wheel is applicable in Guadalupe County.

The State, in its motion for rehearing, directs our attention to the fact that appellant was indicted for murder with malice, and that the jury was selected from a special venire in accordance with Chapter 2 of the Code of Criminal Procedure.

Arts. 591, 592 and 593 of said Chapter relate to the drawing of special venires.

Articles 591 and 592 V.A.C.C.P. read as follows:

Art. 591 V.A.C.C.P.: "In all counties having a population of at least fifty-eight thousand (58,000), or having therein a city of twenty thousand (20,000), or more population, as shown by the preceding Federal Census, and in every county in this State, which comprises a part of two (2) Judicial Districts, each of which Districts consists of four (4)

and the same four (4) counties, which four (4) counties have a combined population of not less than one hundred and thirty five thousand (135,000) according to the last preceding Federal Census, whenever a special venire is ordered, the District Clerk, in the presence of, and under the direction of, the Judge, shall draw from the wheel containing the names of the jurors, the number of names required for such special venire, and prepare a list of such names in the order in which drawn from the wheel, and attach said list to the writ and deliver same to the Sheriff. The cards bearing such names shall be sealed in an envelope and kept by the Clerk for distribution, as herein provided. If from the names so drawn, any of the men are impaneled on the jury and serve as many as four (4) days, the cards bearing their names shall be put by the Clerk in the box provided for that purpose, and the cards bearing the names of the men not impaneled shall again be put by the Clerk in the wheel containing the names of the eligible jurors. As amended Acts 1955, 54th Leg., p. 572, ch. 188, § 1."

Art. 592 V.A.C.C.P.: "Whenever a special venire is ordered in counties not included within the provisions of the preceding article, the name of *each person selected by the jury commissioners* to do jury service for the term at which such venire is required shall be placed upon tickets of similar size and color of paper and the tickets placed in a box and well shaken up; and from this box the clerk, in the presence of the judge, in open court, shall draw the number of names required for such special venire, and shall prepare a list of such names in the order in which they are drawn from the box, and attach such list to the writ and deliver the same to the sheriff. Acts 1905, p. 17; Acts 1919, p. 62."

The remaining method of drawing a special venire is found in Art. 593 V.A.C.C.P., which specifically provides that it shall **not** apply to "counties under the Jury Wheel Law."

Guadalupe County has a population of less than 58,000 and contains no city with a population of 20,000 or more.

It comprises a part of two judicial districts composed of the same four counties, but the combined population of the four counties, Guadalupe, Lavaca, Gonzales and Colorado, does not approach the minimum population (135,000) set by the 54th Legislature in Art. 591 V.A.C.C.P., wherein they provide for the drawing of special venires in counties composing two four-county judicial districts.

Guadalupe County, it will be seen from the above, is not one of the counties in which a special venire is to be drawn from a jury wheel under Art. 591 V.A.C.C.P.

Art. 592 V.A.C.C.P. relates to the drawing of a special venire from the list of jurors for the term selected by jury commissioners, and by its terms applies in counties "not included within the provisions of the preceding article".

The selection and drawing of the special venire in this case appears to conform strictly with the provisions of Art. 592 V.A.C.C.P. The jurors for the term selected by jury commissioners were used in drawing the venire, as provided in said Art. 592 V.A.C.C.P. This is so despite the fact that the jurors for the term were not drawn from the wheel as required by Art. 2094 V.A.C.S.

It appears that there was no way by which the court could have complied literally with both Art. 2094 V.A.C.S. and the provisions of the Code of Criminal Procedure regulating the drawing of a special venire. This is a criminal case, and Art. 591 V.A.C.C.P. is the latest expression of the Legislature on the matter of drawing a special venire.

Assuming that jurors for the term during which appellant was tried had been selected from a jury wheel, as we hold was the procedure which should have been followed, what provision of the Code of Criminal

Procedure provided the method for the drawing of a special venire? Not Art. 591 V.A.C.C.P., for Guadalupe County did not come within its terms. Not Art. 592, because the jurors would not have been those selected by a jury commission referred to in said Art. 592. Not Art. 593, for this article specifically provides that it shall not apply to counties under the jury wheel law.

A defendant charged with a capital offense has a right to a special venire. Arts. 587, 588 and 589 V.A.C.C.P. The jury wheel being the authorized and proper manner by which to secure jurors for the term, it appears that because Guadalupe County is included within the provisions of Art. 2094 V.A.C.S., but does not come within the terms of Art. 591 V.A.C.C.P., there is no specific statutory provision under which a special venire can be drawn in Guadalupe County. Under these circumstances, trial by jury guaranteed by the Constitution will not fail.

■ We have reached the conclusion that the court had the inherent power to provide for a special venire, following the procedure designated by statute so far as possible. Since he could not comply strictly with both Art. 2094 V.A.C.S. and the provisions of either Art. 591, 592 or 593 V.A.C.C.P., the court had the authority to organize the jury in the manner he did. In doing so he violated no provision of the Code of Criminal Procedure, and no injury to appellant is shown.

The case of Taylor v. State, 87 Tex.Cr. R. 330, 221 S.W. 611, appears to support our holding that the fact that jurors for the term were selected by jury commissioners is not alone ground for reversal of this conviction.

In addition to the attack upon the special venire, appellant urges two further grounds for reversal.

Appellant's confession was admitted in evidence which included the following statement: "I was talking to Aurelio Mares and he told me I could not go back inside unless I paid, and while I was talking to Aurelio Mares, Jose Sauceda came up to me and hit at me, saying to get out of there, or get away from there."

Appellant excepted to the court's charge because it failed to instruct the jury on the law of exculpatory statements.

The basis upon which appellant claimed the right to such charge was the portion of the confession above quoted.

Appellant testified as a witness in his own behalf and his testimony was to the same effect as the part of the confession claimed to be exculpatory. The issue of self-defense raised by such testimony was fully presented to and passed upon by the jury.

■ Under these circumstances there was no error in the omission of a charge on exculpatory statements. See Perez v. State, Tex.Cr.App., 271 S.W.2d 281, and cases cited.

The remaining ground for reversal is the admission of the confession over the objection that the warning was not given by the person to whom the confession was made.

The confession recites that the required warning was given by E. J. McCord and that the statement was made to him.

The evidence shows that the confession was reduced to writing (typewritten) by the county attorney, C. A. Pape, who asked some questions.

The record shows that E. J. McCord was present at all times while the confession was being made; that he warned appellant that he did not need to make a statement and that if he did so such statement could be used against him in the trial of the case. McCord testified that the statement was made to him and that he interrogated appellant but that Mr. Pape was present and typed it.

In his charge the court instructed the jury not to consider the confession if they believed or had a reasonable doubt that it was not made to McCord as stated therein.

■ Under the facts, the charge of the court fully protected appellant's rights.

The facts have not been stated. The deceased, Jose Sauceda, was one of three men engaged in running a dance. Appellant danced one set without paying, and an argument ensued between him and one of the other men engaged with the deceased in selling and taking tickets.

The deceased entered the discussion or argument and was eventually cut or stabbed by appellant near the heart, which wound caused his death. Another of the three in charge of the dance was cut by appellant.

The testimony of the appellant raised the issue of self-defense, and was contrary to part of his confession which he denied having made. There was also testimony of communicated threats by the deceased and to the effect that the deceased's reputation was that of a dangerous or violent man.

■ The jury was charged upon the defenses and saw fit to reject them and the evidence sustains their verdict.

The State's motion for rehearing is granted, the order of reversal is set aside, and the judgment is now affirmed.

On Further Motion for Rehearing

MORRISON, Presiding Judge.

■ Appellant now urges, and with much logic, that, since there was no way in which the trial judge could have complied with both the civil statutes and the Code of Criminal Procedure in the drawing of this special venire in this case, he should have followed the terms of Article 24, V.A.C.C.P., and ordered the sheriff to summons a special venire of his own choosing in accordance with the common law method of jury selection. Had the appellant requested the trial court to issue such an order and had he declined to do so, a different question would have been presented. But such is not the case before us here. For the first time on rehearing in this Court does the appellant suggest that such was the proper method. In the trial court, his complaint was that the venire had not been selected from the jury wheel. Nowhere in the motion to quash the panel was it ever suggested that the panel was improperly drawn because they had not been selected by the sheriff. The sole prayer in said motion was that the case be continued "until a jury panel is available which has been properly drawn from a jury wheel which was filled according to law."

Surely we would not reverse a conviction because of the failure of a trial judge to do something which he was never requested to do.

Remaining convinced that we properly disposed of this cause on State's motion for rehearing, the appellant's motion for rehearing is overruled.