

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 11, 1957

Honorable Price Daniel
Governor of Texas
Capitol Station
Austin, Texas

Opinion WW-163.

Re: Constitutionality of H.B. 317, regarding the authority of the San Antonio River Authority to take lands not heretofore used but merely dedicated for cemetery purposes.

Dear Governor Daniel:

You have requested an opinion of the constitutionality of House Bill 317 of the 55th Legislature relating to the authority of the San Antonio River Authority consisting of Bexar and several other counties to condemn lands not heretofore used but merely dedicated for cemetery purposes when such land is located in Bexar County, only.

House Bill 317 amends Subdivision e of Section 3, Acts of the 45th Legislature, 1937, Chapter 276, as amended, codified in Vernon's as Article 8280-119, Vernon's Civil Statutes by adding the following provisions to Subdivision e of Section 3:

"... the power to condemn lands not heretofore used, but merely dedicated, for cemetery purposes is hereby fully and specifically conferred, in addition to the existing power to so condemn such land, if any, without any limitation except that in the case of land which is actually being used for such purpose it must be shown and found in the course of the condemnation proceeding with respect thereto, which shall be conducted in the manner provided by General Law, that there is a practical necessity to take such land in order to exercise the powers and fulfill the functions of the District, and, further, in the case of land merely dedicated for cemetery purposes, that such land, even though not therefore necessary, will at least be convenient and useful to the District in the exercise and fulfillment of its said powers and functions. Provided further that when lands actually in use as cemetery lands with graves thereon be condemned as provided above, said graves shall be removed to appropriate locations, if requested by heirs of the deceased at the expense of

the condemning authority. Provided however, that
the condemnation powers herein granted in so far
as cemetery lands are concerned, will be appli-
cable only to Bexar County."

The 45th Legislature, pursuant to the provisions of
Section 59 of Article XVI of the Constitution of Texas, created
the San Antonio River Authority and prescribed its powers, du-
ties and functions.  Although this Act constitutes a local or
special law, such Act, being enacted under the specific author-
ity of Section 59 of Article XVI of the Constitution, did not
violate the provisions of Section 56 of Article III of the Con-
stitution of Texas prohibiting the enactment of local or special
laws of various subjects.  See Lower Colorado River Authority
vs. McGraw, 125 Tex. 268, 83 S.W.2d 629 (1935); Lower Neches
Valley Authority vs. Mann, 140 Tex. 294, 167 S.W.2d 1011 (1943);
Brazos River Conservation and Reclamation District vs. McGraw,
126 Tex. 506, 91 S.W.2d 665 (1936); City of Aransas Pass vs.
Keeling, 112 Tex. 339, 247 S.W. 818 (1923); Atwood vs. Willacy
County Navigation District, 284 S.W.2d 275 (Tex.Civ.App. 1955,
error ref. n.r.e.).

In construing the power of the Legislature to grant
Districts, created pursuant to the provisions of Section 59 of
Article XVI and Section 52 of Article III of the Constitution of
Texas certain powers and rights, the Court, in Deason vs. Orange
County Water Control and Improvement District, 151 Tex. 29, 244
S.W.2d 981 (1952), stated:

"Both constitutional amendments specify the
circumstances and purposes for which water control
and improvement districts may be organized and the
Legislature is without power to add to or withdraw
from the circumstances and purposes specified.
Arnold v. Leonard et al., 114 Tex. 535, at page 540,
273 S.W. 799, 802; Thompson et al. v. Kay et al.,
124 Tex. 252, 77 S.W.2d 201, 214.

"The Legislature can only grant the district
such powers and rights as come within the contempla-
tion or provisions of the articles of the Constitu-
tion herein discussed." (Emphasis ours)

Thus, while the Legislature may create by a local or special law
various river authorities, and prescribe their powers and duties
without violating the provisions of Section 56 of Article III of
the Constitution of Texas, it cannot enact a local or special law
which deals with a subject specifically prohibited by its provi-
sions.  As illustrative of this principle of law, the Legislature

may by a local or special law create various courts and prescribe their powers, functions and duties pursuant to the provisions of Section 1 of Article V of the Constitution of Texas without violating the provisions of Section 56 of Article III. Lytle vs. Halff, 75 Tex. 128, 12 S.W. 610 (1889); Harris County vs. Crooker, 112 Tex. 450, 248 S.W. 652 (1923); Tom Green County vs. Proffitt, 195 S.W.2d 845 (Tex.Civ.App. 1946). Travis County vs. Matthews, 235 S.W.2d 691 (Tex.Civ.App. 1950, error ref. n.r.e.). However, the Legislature cannot enact a local or special law authorizing or empaneling Grand or Petit Juries since it is specifically prohibited by the provisions of Section 56 of Article III of the Constitution of Texas. Rios vs. State, 288 S.W.2d 77 (Tex.Crim. 1955).

Section 56 of Article III of the Constitution of Texas prohibits the Legislature from enacting any local or special law "relating to cemeteries, grave-yards or public grounds not of the State;". Since House Bill 317 of the 55th Legislature amends Article 8280-119, Vernon's Civil Statutes, so as to specifically authorize San Antonio River Authority to condemn lands not heretofore used but merely dedicated for cemetery purposes when such lands are located only in Bexar County, it is our opinion that House Bill 317 constitutes a local or special law relating to cemeteries and is, therefore, unconstitutional, being a violation of the provisions of Section 56 of Article III of the Constitution of Texas.

## SUMMARY

House Bill 317 of the 55th Legislature authorizing the San Antonio River Authority to condemn lands not heretofore used but merely dedicated for cemetery purposes is unconstitutional, being in violation of Section 56 of Article III of the Constitution of Texas, prohibiting the enactment of any local or special law relating to cemeteries.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:pf:wb

Honorable Price Daniel, page 4   (WW-163)


APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
James N. Ludlum
C. K. Richards
J. C. Davis, Jr.

APPROVED FOR THE ATTORNEY GENERAL

BY:
        Geo. P. Blackburn