CLARENCE MOODY WALKER V. STATE

No. 32,282. November 2, 1960

Motion for Rehearing Overruled December 14, 1960

*James C. Onion,* (On Appeal Only) San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Jack A. Efron, Harry A. Nass, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is permitting a gaming table to be used for gaming purpose on premises under the control of the accused, as denounced by Article 630, V.A.P.C.; the punishment, six months in jail.

Liquor Control Inspector Painter testified that, while working undercover, he went to a house located at 215 Lavaca in San Antonio and rang the door bell, which was answered by appellant; that on a second visit he was admitted into the house by appellant and shown into a back room where a dice game was in progress. He described the table as 4x8 feet with number squares marked on its surface, and stated that appellant sat on a stool in

front of the table, handled the sick, covered all bets, took in the money when the player lost, and paid off when the player won. He stated further, without objection, that some of the men were drinking beer which they had gotten from appellant. He stated that on one occasion appellant asked the players to be quiet because his wife and daughter were asleep in the front room, that appellant would answer the door whenever a player arrived, and that the game would come to a halt while appellant was away from the table. He stated further that on the day charged in the indictment he was again, by prearrangement, at appellant's home when the vice squad raided the house and arrested appellant while a dice game was in progress on the table in question.

Painter's testimony was corroborated by Officer Talbert, who also testified, without objection, that he had "quite a bit of conversation" with appellant "regarding this game he was running and liquor on the premises and that sort of thing," and, further, that a month prior to the raid appellant had told him he and his family lived at the address in question.

Other officers testified about the raid and the finding of the "large dice table," a number of men present, and money on the table.

A review of the remainder of the testimony will not be necessary for a proper disposition of this appeal other than to recite that appellant did not testify or offer any evidence, and we find the evidence amply sufficient to support this conviction under Article 625, V.A.P.C.

We shall discuss the contentions advanced by brief and in argument.

Appellant first contends that error was committed when the undercover officers testified as to their purpose in going to appellant's home prior to the day of the raid. He contends that this constituted a reference to extraneous offenses because it was apparent from the questions that the officers were seeking to ferret out liquor law violations. In each instance, the trial court instructed the jury not to consider the question, and in view of Officer Talbert's testimony concerning his conversation with appellant and Inspector Painter's testimony about the beer which the players got from appellant, which was admitted without objection, we perceive no error in the bills.

As to appellant's bill of exception relating to the testimony

of the gaming that was observed by the officers prior to the day of the raid, we have concluded that no error is shown. This evidence was admissible to show that appellant knowingly permitted the gaming table to remain on his premises for the purpose of gaming and that the game which was in progress on the day of the raid was not an isolated social gathering. This was the issue which had to be determined by the jury. See Rasor v. State, 57 Tex. Cr. Rep. 10, 121 S. W. 512. In view of this fact, the cases upon which appellant relies can have no application.

Appellant's last contention relates to alleged jury misconduct. Attached to the motion for new trial is the affidavit of juror Wingert who swore that during the jury's deliberations the fact that appellant was dealing in illicit liquor was discussed, as well as the fact that appellant had his family in a house where gambling was taking place, and that some of the jurors, following such discussion, voted for greater penalty than they had originally favored.

The state called the foreman who testified that as soon as such matters were mentioned he admonished the panel that they were not to consider the same in determining appellant's guilt on the gaming charge.

We have concluded that since the witnesses had testified without objection concerning both such matters, as will be seen from a statement of the case, jury misconduct which would call for a reversal of this conviction has not been shown.

Finding no reversible error, the judgment of the trial court is affirmed.