

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 5, 1969

Honorable W. T. Barber
District Attorney
22nd Judicial District
Hays County, Courthouse
San Marcos, Texas 78666

Opinion No. M-337

RE: Whether under Article 2107,
V.C.S., Hays County is required
to use Jury Commissioners rather
than the jury wheel for the selec-
tion of jury panels.

Dear Mr. Barber:

You have requested an opinion of this office concerning
the following questions:

(1) "Isn't Hays County, Texas, no longer under
the 'jury wheel' but rather under 'Jury Commis-
sioners' insofar as selection of potential jurors
is concerned?"

(2) "Aren't the provisions of Article 2107,
Vernon's A. C. S. of Texas, mandatory on Hays
County, Texas?"

The facts you have given us in connection with these ques-
tions are as follows:

"For a number of years prior to September, 1967,
Hays County, Texas according to the 1960 Federal
Census, had a population of 19,934. The popula-
tion of the largest city in Hays County was 12,713.
Hays County also had two judicial district courts
each of which embraced five counties. Two of the
counties of the 22nd Judicial District (Caldwell
County, Texas, and Austin County, Texas,), each
had less than 18,500 inhabitants according to the
last preceeding Federal Census. According to

Article No. 2094, Vernon's A.C.S. of Texas, the juries in Hays County, Texas, were properly selected by a jury wheel. However, the counties comprising the 155th Judicial District were, by statute effective September, 1967, changed and since September, 1967, Hays County, Texas, only has one District Court."

The Jury Wheel Law is a special law which supersedes the general law on jury selection. Garza v. State, 136 S.W.2d 861 (Tex. Crim. 1940).

In Ellison v. State, 419 S.W.2d 849, 851, (Tex. Crim. 1967), the Court said:

"Articles 2104 to 2107 Vernon's A. C. S. , which relate to Jury Commissioners and their duties regarding the selection of petit jurors, are applicable in Falls County and in all counties other than those where another method of selecting jury panels has been provided by a subsequently enacted valid statute." (Emphasis added)

The procedure Hays County should follow in selecting jury panels is determined by whether Hays County falls within those counties which have another method of selecting jury panels provided by a subsequently enacted valid statute. If not, then Hays County should follow the provisions of Articles 2104 to 2107, Vernon's A. C. S. in the selection of a jury panel.

As you point out in your letter, jury panels in Hays County were properly selected by a jury wheel when there were two judicial district courts holding sessions within Hays County and the judicial districts of which it was a part embraced more than two counties. (Article 2094) When, in September, 1967, Hays County lost one of its district courts, that county no longer met the requirements of Article 2094. Based upon the facts submitted, it is the opinion of this office that Hays County should now select its jury panels by Jury Commissioners in accordance with Articles 2104 to 2107 and not by a jury wheel in accordance with Article 2094.

S U M M A R Y

Since Hays County, Texas, lost one of its two judicial districts in September, 1967, jury panels therein should now be selected in accordance with the provisions of Articles 2104 through 2107, V. C. S. by Jury Commissioners rather than in accordance with Article 2094,

which provides for the selection of jury panels by a jury wheel.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert E. Owen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Monroe Clayton
Bill Corbusier
Dyer Moore, Jr.
Bob Lattimore

W. V. Geppert
Staff Legal Assistant