

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 5, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Opinion No. H- 545

Re: Constitutionality and
effect of House Bill 1358,
63rd Legislature.

Dear Dr. Brockette:

You have requested our opinion regarding the constitutionality of House Bill 1358, Chapter 206 (Acts 1973, 63rd Leg., p. 477), which purports to abolish in Garza County and four other counties the office of county school superintendent and the county board of school trustees. You inquire further of some of the effects in Garza County if the statute is found to be valid.

House Bill 1358 proclaims that:

The office of county superintendent of schools and the county board of school trustees in Terry County, Garza County, Dawson County, Angelina County, and Henderson County are abolished.

The Bill purports to transfer the county superintendent's duties to the superintendents of the various independent school districts in each county.

The objection to this legislation is that it is a local or special law, expressly prohibited by the Texas Constitution, which provides in article 3, section 56 that "[t]he Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law . . . [r]egulating the affairs of counties, cities, towns, wards or school districts." Had Garza County alone been the subject of House Bill 1358, it is apparent that the

measure would be unconstitutional, just as was the 63rd Legislature's purported abolition of the office of county school supreintendent in Wheeler County.  Attorney General Opinion H-52 (1973).

It would seem unreasonable to permit the Legislature to avoid this prohibition merely by including five counties within a single statute.  In any event there is ample authority for holding House Bill 1358 a local or special law.

In Rios v. State,  288 S. W. 2d 77 (Tex. Crim. App. 1955), the Court of Criminal Appeals struck down a statute which provided that jurors should be selected by jury commissioners rather than by the jury wheel system in counties comprising the 25th Judicial District and the Special 25th Judicial District.  The statute was applicable to only three counties, and its "effect . . . was to take the counties of Guadalupe, Lavaca and Gonzales out of the jury wheel system." 288 S. W. 2d at 78. The Court was able to see "no escape from the conclusion that the act . . . is a special law" and therefore unconstitutional.  A similar statute was held invalid in Heflin v. Wilson,  297 S. W. 2d 864 (Tex. Civ. App. --Beaumont 1956).  In this case, the law was limited in its application to Angelina, Cherokee and Nacogdoches counties.

We must conclude that House Bill 1358 is a special or local law purporting to regulate the affairs of counties in contravention of article 3, section 56 of the Texas Constitution.  Since the statute does not therefore act to abolish the office of county school superintendent and the county school board of Garza County, it is unnecessary to address ourselves to your other questions.

## SUMMARY

House Bill 1358, which purports to abolish the
office of county school superintendent and the county
board of school trustees in Garza County, is a local
or special law pertaining to a school district, and is
therefore unconstitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg