

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 11, 1965

Honorable T.J. Rodgers      Opinion No. C- 481
District Attorney
Young County Courthouse     Re:   Constitutionality of Chap-
Graham, Texas                     ter 180, page 373, Acts,
                                  59th Legislature, codified
Dear Mr. Rodgers:                 as Article 2094, V.C.S.

        You have requested the opinion of this office as to
the constitutionality of an amendment to Article 2094, Vernon's
Civil Statutes, which amendment was enacted by the 59th Legis-
lature, and reads in part as follows:

        "Article 2094.   Selecting names for jury wheel.

        "(a)   Between the first and fifteenth days of
August of each year, in each county specified in this
Article, the tax collector, sheriff, county clerk and
district clerk of the county, each in person or re-
presented by one of his deputies, shall meet at the
county courthouse and select from the list of qualified
jurors of the county as shown by the tax lists in the
tax assessor's office for the current year the jurors
to serve the district and county courts of the county
for the ensuing year, in the manner provided by law.

        "(b)   All population figures mentioned in this
Article refer to the population according to the last
preceding federal census.

        "(c)   The provisions of subsection (a) of this
Article apply to a county having a population of at
least 46,000.

        "(d)   The provisions of subsection (a) of this
Article also apply to a county containing a city having
a population of at least 18,000.

"(e)  The provisions of subsection (a) of this Article also apply to a county having a population of at least 16,700 and containing a city having a population of at least 8,000 but not more than 8,950.

"(f)  The provisions of subsection (a) of this Article also apply to a county having a population of at least 20,000 and containing a city having a population of at least 13,000 if the county is within a judicial district common to one or more other counties all of which employ the jury wheel system.

"(g)  The provisions of subsection (a) of this Article also apply to a county which has two or more district courts holding sessions within the county, unless the county has a population of less than 18,500 and the judicial districts of which it is a part embrace more than two counties.

"(h)  The provisions of subsection (a) of this Article also apply to a county having a population of at least 19,000 but not more than 19,800, and containing a city having a population of at least 12,000 but not more than 12,500.

"(i)  The provisions of subsection (a) of this Article also apply to a county having a population of at least 21,000 and containing a city having a population of at least 7,000 but not more than 7,200."

You advise us that Young County fits the population bracket established in subsection (e) above, and desire the advice of this office before instituting the jury wheel system in Young County, for the reason that the quoted statute appears to be a local or special law, at least in part. Examination of the 1960 Federal Census figures leads us to believe that only three counties, Young, Titus and Kerr, out of the 254 counties in this State, are included in the bracket established by subsection (e).

Article III, Section 56, of the Texas Constitution, reads in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

" . . .

" . . . Summoning or empanelling grand or petit juries;

" . . ."

The power of the Legislature to make classifications in prescribing the method of selecting juries is recognized in Northern Texas Traction Co. vs. Danforth, 116 S.W. 147 (Tex.Civ.App., 1909, error ref.), and a number of other cases. See Merkel vs. State, 75 Tex.Crim. 551, 171 S.W. 738 (1914), and Herrera vs. State, 78 Tex.Crim. 259, 180 S.W. 1097 (1915). But in order for the statute to escape the condemnation of being a local or special law, there must be a reasonable basis for the classification. Rodriguez vs. Gonzales, 148 Tex. 537, 540, 227 S.W.2d 791, 793 (1950), states the rule to be as follows:

"The primary and ultimate test of whether a law is general or special is whether there is a reasonable basis for the classification made by the law, and whether the law operates equally on all within the class."

In Miller vs. El Paso County, 136 Tex. 370, 374, 150 S.W.2d 1000, 1001 (1941), the court differentiated a general law from a special law in the following language:

"Notwithstanding the above constitutional provision /Art. III, Sec. 56/, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classi-

fication must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law."

We think this further language in the Miller case is applicable here:

"The peculiar limitations employed by the Legislature in this instance to segregate the class to be affected by the legislation not only bears no substantial relation to the objects sought to be accomplished by the Act, but the purported class attempted to be so segregated is, in fact, not a class distinct in any substantial manner from others in this State." Id. at 375, 150 S.W.2d at 1002.

In the light of the foregoing cases, we are of the opinion that subsection (e) of the amendment to Article 2094, Vernon's Civil Statutes, is a local or special law and is therefore unconstitutional. We must also observe that subsections (h) and (i) are subject to the same objections and are also unconstitutional. See Attorney General's Opinions R-2382 (1951); C-227 (1964); C-220 (1964); C-473 (1965).

We note that the statute in question does not contain a severability clause. Of course, this in itself does not require that the entire Act fall, since such a severability clause provides merely a rule of construction to aid in determining the legislative intent. City of Houston vs. State ex rel City of West University Place, 171 S.W.2d 203 (Tex.Civ.App., 1942, reversed on other grounds in 142 Tex. 190, 176 S.W.2d 928). The invalid portions of our present statute are not integral parts of the statute and their removal will have no effect upon the operation of the remaining portions.

In accordance with the foregoing, it is the opinion of this office that Article 2094, Vernon's Civil Statutes, as amended by the 59th Legislature, contains three subsections, (e), (h) and (i), which are unconstitutional as being local or special laws. It is further the opinion of this office that the aforementioned subsections are severable from the remainder of the statute, and that the statute does not fall in its entirety.

This opinion is not to be construed as holding that all of the remaining provisions of Article 2094 are constitutional. Rather, this opinion is directed solely to those provisions of the statute which are clearly unconstitutional in the application of population brackets.

## SUMMARY

Subsections (e), (h) and (i) of Article 2094, V.C.S., as amended by the 59th Legislature, are unconstitutional as being local or special laws.

The aforementioned subsections (e), (h) and (i) are severable from the remainder of the statute.

Yours very truly,

WAGGONER CARR
Attorney General

By *Malcolm L. Quick*
Malcolm L. Quick
Assistant

MLQ:ra

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman
Roy Johnson
John Banks

-2279-

Robert Lemens

APPROVED FOR THE ATTORNEY GENERAL
By:  T.B. Wright